MRS. ERMA ANDRUS ET AL V. WILLIAM REMMERT ET AL.

No. 7509. Decided January 15, 1941.
Judgment Corrected and Rehearing Overruled March 19, 1941.
(146 S. W. (2d) Series, 728; 149 S. W., 2d Series, 584.)

180

*Robt. L. Sonfield, Miles Strickland* and *W. P. Neblett,* all of Houston, for plaintiffs in error.

It was error for the Court of Civil Appeals to affirm the judgment of the trial court in favor of defendants, for the reason that the evidence clearly disclosed without contradiction that the property sought to be partitioned has never been used for a cemetery, and if any portion of it has been so used it has long since ceased to be used for that purpose and has practically

been abandoned for that purpose. Campbell v. Kansas City, 102 Mo. 326, 13 S. W. 897, 10 L. R. A. 593; Houston Oil Co. v. Williams, 57 S. W. (2d) 380.

*Searcy & Hodde,* of Brenham, *C. D. Duncan,* of Beeville, and *K. W. Gilmore,* and *R. E. Seagler,* both of Houston, for defendants in error.

On the questions of partition and abandonment. Jones v. Griffith, 109 S. W. (2d) 565; Hays v. Stone, 36 Texas 181; Pickerell v. Pickerell, 134 S. W. (2d) 740.

MR. JUSTICE CRITZ delivered the opinion of the Court.

As tried in the District Court of Austin County, Texas, Mrs. Erma Andrus et al., as heirs at law of A. B. Stone, Sr., deceased, sued Wm. Remmert et al., in trespass to try title and to partition a small tract of land in Austin County, Texas. Trial in the district court, without the aid of a jury, resulted in a judgment for Remmert et al. This judgment was affirmed by the Court of Civil Appeals. 120 S. W. (2d) 272. Mrs. Andrus et al., bring error. As we understand this record, if this land is subject to partition, Mrs. Andrus et al., as heirs at law of A. B. Stone, Sr., deceased, are entitled to recover one-third thereof, and are therefore entitled to partition of same in the proportion of one-third to the plaintiffs and two-thirds to the defendants.

It appears that the land involved in this suit was originally a part of a tract of about 200 acres which belonged to A. B. Stone, Sr., during his lifetime. The 200 acres were generally known as the A. B. Stone, Sr., homestead tract. A. B. Stone, Sr., died in 1881, leaving a written will. This will was duly probated in the County Court of Austin County, Texas. By the terms of such will the above-mentioned Stone 200-acre homestead tract, except a part thereof reserved as a cemetery, was bequeathed to W. B. and George F. P. Stone, both sons of A. B. Stone, Sr. The cemetery tract was reserved as such and expressly not bequeathed to any one. We quote the following provision of the will, which is the only part thereof germane to this opinion:

"Fourthly. I will and bequeath _____ sons, W. B. Stone and Geo. F. P. Stone my homestead to be equally divided between them, after appropriating so much as will pay the board and tuition in the education of my son George F. P. Stone. Said division to be by sale or partition as shall be most to the interest of said legatees except one acre embracing the present burying ground. I reason and hold in my own name and right free from sale or transfer for all time to come."

It will be noted that the only description contained in the Stone will of the land reserved as a cemetery is "one acre embracing the present burying ground."

■ It appears that George F. P. Stone, one of the two sons to whom the Stone homestead tract was bequeathed, died before the testator. We gather that he died without leaving children or descendants of any kind. It follows that the devise to him lapsed, and A. B. Stone, Sr., died intestate as to one-half of the Stone 200-acre homestead tract. Article 8295, R. C. S. 1925.

During the year 1882, shortly after the death of A. B. Stone, Sr., a partition of the Stone homestead tract among the heirs of the deceased, including W. B. Stone, was had in the probate court of Austin County, Texas. So far as we know, these proceedings were regular in all respects. In partitioning the 200-acre tract the cemetery provision of the Stone will was substantially respected, and a tract of land 419 feet long by 160 feet wide was left out of the partition as a cemetery. All the heirs and parties to the partition proceedings accepted thereunder and went into possession of the several tracts of land awarded to them respectively. Also, it appears that a part of the tract of land left out of the partition as a cemetery had been used as such for many years before the death of A. B. Stone, Sr. The graves on this tract, or many of them, can now be identified, and some of them still have markers or stones located at the graves in the usual way. It is true that even this part of the cemetery is in a very dilapidated and unkept condition.

■ No particular instrument or ceremony is necessary or required to dedicate or set land apart as a cemetery or place of burial for the dead. Damon v. State (Texas Com. App.), 52 S. W. (2d)' 368; 10 Am. Jur., p. 498, sec6. Of course, in dedicating land as a cemetery it is permissable to make reasonable provision for future burials. Measured by the above rule, we think that the actual use of a part of this land as a cemetery, the provision pertaining thereto contained in the A. B. Stone, Sr., will, the partition proceedings, and the acts of the parties to such proceedings in accepting thereunder constituted and dedicated the entire tract of 419 by 160 feet, left out of the partition, as a cemetery, in so far as the parties to such partition proceedings are concerned.

For the purposes of this opinion, we make the following plat:

The land enclosed within the letters "A, B, C, D" represents the cemetery as set aside in the partition proceedings above mentioned. As above indicated, we hold that under this record the parties to the partition proceedings will not now be heard to say that the tract of land 419 by 160 feet left out of the partition of the Stone homestead tract was not then a cemetery to be recognized and respected by them as such.

■ We think that it is recognized by the authorities generally that land dedicated to burial purposes, or, stated in another way, dedicated to use as a cemetery, can be abandoned as such. As long as land once dedicated to use as a cemetery "is kept and preserved as a resting place for the dead, with anything to indicate the existence of graves, or as long as it is known and recognized by the public as a graveyard, it is not abandoned." Where bodies which have been buried in a cemetery remain therein and the ground awakens sacred memories in living persons, the mere fact that for some years no new burials have been had, and that the graves have been neglected, does not operate as an abandonment and authorize the desecration of the graves. 10 Am. Jur., p. 512.

■ As already said, we think that in dedicating land to cemetery purposes reasonable provision may be made for future burials. In spite of this, we think that where land has been dedicated as a cemetery, and in making such dedication provision has been made for future burials, and it appears that there is no reasonable expectation that such surplus land will ever be used for burial purposes at any reasonable time in the future, such surplus land should be treated as abandoned as a cemetery. Damon v. State, supra; Id. (Texas Civ. App.), 37 S. W. (2d) 405. Certainly no rule of law would demand that

such surplus land should lie idle, and subject to no use for all time to come.

When we come to examine this record, we are convinced that it would be legally unreasonable to say that the land outside the land marked "E, F, G, H," on the above plat is still a cemetery. So far as this record shows, no grave has ever occupied any part of such outside area. In fact, no new grave has been located even on the occupied area for many years. The area on which graves are located is unkept and in a very dilapidated and desolate condition, and such condition has existed many years. More than half a century has elapsed since the above-mentioned partition was had. The land outside the area marked "E, F, G, H" was then unoccupied by any graves. It follows that it must then have been set aside for future burials. From that day to this trial, no grave has been located thereon. Under this record, there can be no reason to say that it ought to be left as a part of the occupied area. All the land, including the area occupied by graves, is in a pasture, where stock roam at will, and such condition has existed for many years. No member of the Stone family can say that they expect in the future to bury their dead on the unoccupied area. This is because the heirs who here demand partition expressly assert that they never expect to use any part of the original tract for future burials; and the remainder of the Stone heirs cannot contend that they intend to use such cemetery in the future, as they have conveyed their interest, even in the occupied area, to Humble Oil & Refining Company, one of the defendants in this case. We assume that such Company can hardly contend that it has any interest in preserving this unoccupied area for future burials. Finally, it cannot be said that this record shows that the general public has any right in this land as a cemetery, because even if it did at one time have such right, a question we do not decide, the failure to use for more than fifty years, under the circumstances above indicated, would show conclusively that the unoccupied area has been abandoned.

Of course we recognize it to be the rule that every foot of land dedicated as a cemetery does not have to be actually occupied by graves. Surplus land may be included in the cemetery for walks, drives, parking, ornamental purposes, future burials, etc. 14 C. J. S., p. 63, sec. 1. In spite of this rule, we think this record conclusively shows that none of the land here involved will ever be used as a cemetery in any sense of the word. As we understand this record, plaintiffs do not seek to partition the area occupied by graves, marked "E, F, G, H" on the map, supra.

We do not decide whether or not the land here involved was ever dedicated as a public cemetery. We have assumed, only for the purposes of this opinion, that it was so dedicated.

It is urged that certain defendants have no right to defend this case on the cemetery issue. We do not decide that question, as it is not necessary. We simply hold that this record shows, as a matter of law, that the area shown on the above plat, other than that included within the letters "E, F, G, H," has long been abandoned as a cemetery, either public or private.

The judgments of the Court of Civil Appeals and the district court are both reversed, and the cause is remanded to the district court to proceed to partition the land indicated on the above plat outside that enclosed within the letters "E, F, G, H."* We leave the question as to how such partition shall be effected, whether in kind or by sale, to be determined by the district court.

Opinion delivered January 15, 1941.

### ON MOTION FOR REHEARING.

This cause is before us on motion for rehearing filed herein by William R. Remmert and Humble Oil & Refining Company.

In our original opinion we reversed the judgments of the Court of Civil Appeals and district court, and remanded this cause to the district court with instructions to partition the land indicated upon the following plat outside of the land enclosed within the letters "E, F, G, H."

A re-examination of this record discloses that we were in error in describing the land which ought to be partitioned. For

*See judgment on rehearing, page 186.

the purposes of this opinion on rehearing we make the following plat:

As shown by our original opinion, a tract of land 160 ft. by 419 ft. was set apart as a cemetery. We held, however, that all of such tract, except that part enclosed within the letters "E, F, G, H" on the first plat, supra, had been abandoned as such, and adjudged that all of such original tract should be partitioned, except the part still used as a cemetery. On further investigation of this record we find that the land included within the letters "I, J, D, A," as shown by the second map, supra, was not included in this suit as finally submitted in the district court. We also find that we made a slight mistake in our original plat as to the land actually occupied by the cemetery.

It is ordered that our original judgment herein be set aside and judgment be now entered as follows: The judgments of the Court of Civil Appeals and district court are both reversed, and this cause is remanded to the district court with instructions to partition the two tracts of land included within the letters "B, F, E, I" and "G, C, J, H," respectively. We leave the question as to how such partition shall be effected to be determined by the district court. To the extent above indicated the motion for rehearing filed herein by William R. Remmert and Humble Oil & Refining Company is granted; otherwise such motion is overruled.

Opinion delivered March 19, 1941.