CITY OF CORPUS CHRISTI v. McCARVER.

No. 12473.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 3, 1952.

I. M. Singer, Wm. R. Anderson, Jr., Corpus Christi, for appellant.

North, Blackmon & White, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by the City of Corpus Christi, Texas, against a number of persons owning property in Block 83, Brooklyn Addition to that City, seeking to open up and remove all obstructions from an alleyway through the center of this block, running from a northerly to a southerly direction. The suit finally narrowed down to a contest between the City and Mrs. Bonnie McCarver, who is the owner of Lot 5 of Block 83. The map and plat of Brooklyn Addition shows that this alleyway has been dedicated to the public. Mrs. McCarver has a deed to Lot 5 of Block, but no deed to any part of the alleyway that lies just west of Lot 5. Mrs. McCarver answered setting up limitation title to that part of the alleyway which lies immediately west of Lot 5. She moved for a summary judgment awarding to her this 20 foot strip, under the provisions of Rule 166–A, Texas Rules of Civil Procedure which was granted by the trial court and the City has appealed.

Since the amendment of Article 5517, Vernon's Ann.Civ.Stats., in 1939, it has not been possible for anyone to acquire title to any part of an alleyway by limitation. Young v. City of Lubbock, Tex.Civ.App., 130 S.W.2d 418. This appellee readily concedes, but contends that those under whom she claims had established limitation title to that part of the alleyway lying immediately west of Lot 5 prior to 1939. Appellee did not acquire Lot 5, or any other property in Block 83, until 1942, and it therefore is apparent that she must rely upon the possession of her predecessors in title to establish any limitation title to the 20-foot strip here involved.

Her specific contention is that in 1926 Grady Rollins sold Lot 5, Block 83, to Mrs. Harriet G. Banes, who had the property conveyed to her son-in-law Charles A. Runck; that at that time there was a cottage situated upon the 20-foot strip here in dispute and that it was Rollins' intention to convey this 20-foot strip to Mrs. Banes, though not mentioned in his deed, that Mrs. Banes conveyed the property to her daughter Ruby B. Runck in 1933, intending to convey the 20-foot strip, though not mentioned in her deed; that in 1942 Mrs. Runck conveyed the property to appellee, also intending to include the unmentioned 20-foot strip; that the possession of each of these parties was of such a nature as to establish a limitation title to the 20-foot strip, and that appellee is now the owner of that limitation title. Riddle v. Vandiver, Tex.Civ. App., 225 S.W.2d 460; Allison v. Groppenbacher, Tex.Civ.App., 142 S.W.2d 528.

Appellee filed two affidavits in support of her contention, and the City filed two affidavits in support of its contention.

Appellant's first contention is that appellee failed to show such a claim of right, exclusive possession and privity of estate with her predecessors in title as would support her claim of limitation to the 20-foot strip in dispute.

We sustain this contention. The two affidavits filed by appellee were signed one by her and the other by John J. Runck. Appellee's affidavit was sufficient to show that at the time that she purchased Lot 5, Block 83, the boundaries of the property she was purchasing were pointed out to her by Charles A. Runck, that the twenty-foot strip was included as a part of the property she was purchasing, and that she was not informed that there was any alleyway west of Lot 5. The affidavit signed by John J. Runck attempts to show that the prior owners of Lot 5 held adverse possession of the twenty-foot strip in dispute for ten or more years prior to 1939. He undertakes to state under oath what each one of these prior owners intended with reference to their possession and conveyance of this property, what these parties understood and what they claimed.

The burden of proof was upon appellee not only to show that she and those under whom she claimed held such adverse possession of this twenty-foot strip as would satisfy the ten-year statutes of limitation, Art. 5510, Vernon's Ann.Civ. Stats., but that there was no genuine issue of fact as to such adverse possession. Rule 166–A, T.R.C.P.; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236.

The only material fact stated by John J. Runck, who never owned this property, is that there was a cottage built upon some portion of this twenty-foot strip. The remainder of his affidavit is his conclusion or opinion as to the intention, understanding and claims of these prior owners. This affidavit at most could only raise a fact issue as to adverse possession, and falls far short of showing that there can be no genuine issue as to such possession. A summary judgment is to be rendered only when it is shown that there is no genuine issue as to a material fact. Rule 166–A, T.R.C.P.; 30 Tex.Law Review 295; Fonville v. Southern Materials Co., Tex. Civ.App., 239 S.W.2d 885; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236.

Art. 5515, Vernon's Ann.Civ.Stats., tells us what is meant by "adverse possession" in the following language: "'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." The "claim of right" is just as essential as the "visible appropriation."

Such "claim of right" cannot be established by the conclusion and opinions of another, and where the alleged owners do not testify such "claim of right" must be inferred from proven facts. Lyons v. Pullin, Tex.Civ.App., 197 S.W.2d 494; Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626; Adams v. Grogan-Cochran Lumber Co., Tex.Civ.App., 181 S.W.2d 582; Humphreys v. Gribble, Tex.Civ.App., 227 S.W. 2d 235, 236; Miller v. Roberson, Tex.Civ. App., 165 S.W.2d 469.

 Appellee relies largely upon the cases of McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997, and Young v. City of Lubbock, Tex.Civ.App., 130 S.W.2d 418. These cases were not cases involving summary judgments. Ordinarily parties are entitled to cross-examine witnesses and test their opportunity to know what they profess to know, also their source of information. Under cross-examination the conclusions and opinions of John J. Runck might have been shown to be without any foundation. It was never the intention of the summary judgment provision, Rule 166–A, T.R.C.P., to permit a party to establish his case by ex parte affidavits and thus permit his witnesses to escape cross-examination. Neither was it intended that a summary judgment hearing should become a battle of affidavits. It is only where it is shown that no genuine issue of fact exists in a case, that a summary judgment is proper. 30 Tex.Law Review 295; Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W. 2d 885; Hunt v. Southern Materials Co., Tex.Civ.App., 240 S.W.2d 400.

All of the conveyances involved herein referred to the property as Lot 5, Block 83, and no mention of the twenty-foot strip was made. There is a genuine issue as to whether the various grantees intended to convey only Lot 5, or whether they intended to also include a part of the alleyway. If there was no intention to convey this part of the alleyway, then there was no privity of estate between appellee and the prior owners, and she could not claim the benefits of their adverse possession. Adverse possession may be in more than one person but there must be privity of estate between the several owners. Miller v. Roberson, Tex.Civ.App., 165 S.W. 2d 469.

The summary judgment will be reversed and the cause remanded for a trial.