Daniel M. MARKGRAF, Jr., et al., Appellants,

v.

SALEM CEMETERY ASSOCIATION, Appellee.

No. 15569.

Court of Civil Appeals of Texas, San Antonio.

July 28, 1976.

---

Peter Torres, Jr., San Antonio, for appellants.

John J. Clayton, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, Daniel M. Markgraf, Jr. and wife, Marguerite O. Markgraf, have perfected their appeal from an adverse judgment entered after a non-jury trial in a trespass to try title suit brought by appellee.

The disputed area contains 0.909 acre of land out of a 3.00-acre tract of land which was conveyed to appellee in 1974 by the Salem Sayers Baptist Church. Appellants concede that appellee has record title to the area in dispute. The disputed area adjoins a 15.165-acre tract of land owned by appellants and appellants claim the disputed tract of land by adverse possession under Articles 5507, 5509, and 5510, Tex.Rev.Civ. Stat.Ann.[1] The trial court concluded that the disputed area was part of a public cemetery and, therefore, appellants could not acquire title by adverse possession under Article 5517, Tex.Rev.Civ.Stat.Ann.

It is undisputed that the "Salem Cemetery" has existed for more than fifty years and still is in active operation. Up until a few years ago the land was owned by the Salem Sayers Baptist Church and operated by a voluntary association. The Salem Cemetery Association was chartered as a non-profit corporation in April 1975, and now operates a perpetual care cemetery. The problem in this case arose because a chain link fence, which was erected about ten years ago, encloses only 2.091 acres. Appellants urge that the disputed 0.909-acre tract outside the fence was thereby abandoned as a cemetery.

Both parties rely on *Andrus v. Remmert*, 136 Tex. 179, 146 S.W.2d 728 (1941). It was there held that land dedicated to use as a cemetery can be abandoned as such. The test to be applied is stated as follows:

As long as land once dedicated to use as a cemetery 'is kept and preserved as a resting place for the dead, with anything to indicate the existence of graves, or as long as it is known and recognized by the public as a graveyard, it is not abandoned.'

The Supreme Court expressly recognized that in dedicating land to cemetery purposes reasonable provision may be made for future burials by including surplus land.

■ The facts in this case support the trial court's implied finding that the 0.909 acre in dispute was not abandoned as a part of the cemetery. There is no question but that the cemetery has been in active and continuous use for over fifty years. Burials have taken place from time to time in the cemetery and it has been maintained by loving descendants. There is testimony that the chain link fence was erected to conform with the terrain because space was no problem when the fence was erected. A ditch was to the north and east of that part of the cemetery which was then in active use and the fence was erected so as to avoid the ditch. Recently the grave sites inside the fence have become filled and a need has arisen for use of the area now located outside the fence. As a result of this need, a survey was made by the Association in December 1973, in order to locate the true boundary lines. This suit was filed to quiet appellee's title and right to possession of the area in dispute.

It cannot be said as a matter of law that the 0.909-acre tract was ever abandoned as a part of the cemetery. There is no evidence of an intent to abandon the disputed tract. Furthermore, there are several graves located outside the chain link fence and these have been maintained by the Trustees of the Association.

■ The trial court did not err in concluding that the 0.909-acre tract was a part

---

[1] These statutes are the three, five, and ten-year statutes of limitation.

of the cemetery. Therefore, appellants could not perfect title to the disputed tract by adverse possession.