Gerald J. JANSING et ux., Appellants,

v.

Billy ELLIS et al., Appellees.

No. 6220.

Court of Civil Appeals of Texas, Waco.

Dec. 11, 1980.

Rehearing Denied Jan. 8, 1981.

John B. McNamara, McNamara & McNamara, Waco, for appellants.

William Boyd Mangrum, Clark, Gorin, McDonald, Ragland & Mangrum, Waco, for appellees.

OPINION

JAMES, Justice.

This is an appeal from a summary judgment in a trespass to try title case. More specifically, Plaintiff-Appellees Billy Ellis and Charles M. McDonald brought this suit against Defendant-Appellants Gerald J. Jansing and wife Patricia A. Jansing in trespass to try title to establish title, among other things, to a tract of land 15 feet in width and approximately 130 feet in length, same being a strip 15 feet in width off the southwest side of Lot 4, Block A of the Castle Heights Addition to the City of Waco, McLennan County, Texas. The Defendant-Appellants Jansing pleaded, inter alia, in answer thereto, not guilty and adverse possession under the ten year statute of limitation.

The tract in controversy is encumbered by the terms of a written, recorded agreement between A. B. Shoemake and the City of Waco dated March 16, 1937, of record in volume 459, page 610, Deed Records of McLennan County, Texas. This agreement is hereinafter referred to as the "Shoemake-City of Waco Agreement."

The pertinent background facts are as follows: A. B. Shoemake is the common source of title, he having originally owned the properties owned respectively by Plaintiffs Ellis and McDonald (Lot 4, Block A, Castle Heights Addition) and Defendants Jansing (Lot 3, Block A, Castle Heights Addition). The 15 foot strip in controversy is a part of Lot 4, the record title to which is in Plaintiffs Ellis and McDonald.

The Shoemake-City of Waco Agreement dated March 16, 1937, covered the tract in controversy, and publicly dedicated said tract "for the use and accommodation of

the City of Waco, the owners of contiguous lots, and the general public," so that the property would "at all times hereafter be and remain open" as an "easement, alley, and passageway." The City of Waco is not a party to this suit, and it is undisputed that the tract in controversy is burdened with the Shoemake-City of Waco Agreement, and that the instant litigation does not in any manner affect the terms of said agreement.

Plaintiffs Ellis and McDonald became the owners of Lot 4 by a warranty deed from H. W. Hoffman, et al., dated March 20, 1979, which deed is duly recorded in the Deed Records of McLennan County. The Defendants Jansing became the owners of Lot 3 by a warranty deed from Newman E. Copeland and wife dated May 22, 1970, which deed is likewise of record in McLennan County. Both Lots 3 and 4 front on Castle Drive.

Shortly after the Shoemake-City of Waco Agreement was executed, Mr. Shoemake caused a retaining wall to be constructed across Lot 4 along a line approximately 15 feet east of and parallel to the boundary line between Lots 3 and 4. Mr. Shoemake also caused to be constructed a chain link fence along the top of the retaining wall, which retaining wall and chain link fence are still in existence, and have been so since their erection in the year 1937. This retaining wall and fence is the fence which the Defendant-Appellants Jansing claim as their eastern property or boundary line. This fence was described as averaging 8 to 10 feet in height, with the Jansing lot and the property west of the retaining wall being at an elevation of 8 to 10 feet higher than that part of Lot 4 east of the retaining wall which is undisputedly owned by Plaintiffs Ellis and McDonald.

The following diagram shows the respective locations of Lots 3 and 4, the 15 foot strip in controversy, the retaining wall, and Castle Drive.

Some time not long after the execution of the Shoemake-City of Waco Agreement, the City of Waco erected an underground storm drain along and across the full length of the 15 foot strip in controversy, which storm drain has been at all times in existence since its construction.

Defendant-Appellants Jansing with their family reside on Lot 3, same being 3301 Castle Drive in the City of Waco. The Jansings purchased their home from Newman E. Copeland and wife on May 22, 1970. The Copelands had in turn purchased this same home from R. E. Lee Glasgow and wife in February 1962.

The summary judgment proof includes four depositions, answers to requests for admissions, six affidavits supporting Plaintiffs' Motion for Summary Judgment, and two affidavits supporting Defendants' response thereto.

The trial court after hearing awarded summary judgment in favor of Plaintiffs Ellis and McDonald against the Defendants Jansing for title and possession of the property in controversy, subject to the provisions of the Shoemake-City of Waco Agreement, from which judgment the Defendants Jansing appeal. We reverse and remand.

Defendant-Appellants' single point of error asserts error of the trial court in granting the summary judgment for the stated

reason that there is a genuine issue of a material fact concerning the Defendants' claim of title under the 10 year statute of limitation. We sustain this point of error and thereby reverse the trial court's judgment and remand the cause for trial on the merits.

Plaintiff-Appellees by their first Reply Point contend that the judgment should be affirmed because (they say) the record shows conclusively that the sole basis of Defendants' claim is their alleged adverse possession of property dedicated for public use, which claim they say is expressly and unequivocally prohibited by Article 5517, Vernon's Texas Civil Statutes. We do not agree.

Article 5517 reads as follows:

"Right of the state, counties, cities and school districts.

"The right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, or which have been donated or dedicated for public use to any such town, city, or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State."

In other words, Plaintiff-Appellees strongly contend that Article 5517 as a matter of law prohibits the Defendant-Appellants from establishing a limitation title by adverse possession to the property in question because said property is encumbered by the public dedication hereinabove described. In support of this argument, Plaintiff-Appellees cite *City of Corpus Christi v. McCarver* (San Antonio Tex.Civ.App. 1952) 253 S.W.2d 456, no writ; *County of Calhoun v. Wilson* (Corpus Christi Tex.Civ.App. 1968) 425 S.W.2d 846, NRE; *Markgraf v. Salem Cemetery Assn.* (San Antonio Tex.Civ.App. 1976) 540 S.W.2d 524, no writ; and *Spencer v. Levy* (Austin Tex.Civ.App. 1915) 173 S.W. 550, writ refused.

We respectfully submit that the above-cited cases do not support Plaintiff-Appellees' position. In *City of Corpus Christi,* supra, the defendant property owner sought to establish title by limitation to an alley against the *City,* which of course was directly in the teeth of Article 5517; in *County of Calhoun,* supra, it was held that concerning property subject to a dedication, the rights of the *public* could not be defeated by any statute of limitation because of Article 5517; in *Salem Cemetery Assn.,* supra, the plaintiff sought to claim title by limitation to property owned by a *cemetery,* which was held to be in violation of Article 5517. *Spencer v. Levy* was a case wherein the plaintiff as owner of three contiguous lots abutting upon what he contended to be two public streets, sued to compel defendant (a limitation claimant) to remove obstructions placed by defendant in said public streets; that is to say, plaintiff was in the position of suing to enforce his rights to unobstructed use of the streets as one of the public whose rights were specifically interfered with by defendant's obstructions; in our opinion, *Spencer v. Levy* is not applicable to the case at bar.

In the case now before us, Plaintiff-Appellees Ellis and McDonald assert to own, and the record before us shows they do own, record fee simple title to the property in controversy; Defendant-Appellants Jansing are claiming fee simple title to the property in controversy by limitation; the property in question is burdened by the Shoemake-City of Waco Agreement wherein rights of the "City of Waco, the owners of contiguous lots, and the general public" exist in connection therewith; neither Plaintiff-Appellees nor Defendant-Appellants question the rights of parties named in the Shoemake-City of Waco Agreement; in other words, this lawsuit is one concerning *who owns fee simple title to the 15 foot strip of land subject to the dedication agreement,* Plaintiffs or Defendants. Nobody claiming any rights under the Shoemake-City of Waco Agreement except Plaintiffs and Defendants are parties to this suit.

Article 5517 as applied to the case at bar was designed to protect against limitation claimants the rights of "the City of Waco, the owners of contiguous lots, and the general public," so that the property would remain open as an "easement, alley, and passageway." Neither side in this lawsuit seek to disturb the rights of anyone affected by this dedication agreement in any manner.

For the above reasons we fail to see how Article 5517 comes into play in the case at bar. Plaintiff-Appellees Ellis and McDonald claim fee simple title to the strip subject to the dedication instrument. Defendant-Appellants Jansing claim fee simple title to the strip by limitation subject to the dedication instrument. We are of the opinion and hold that Article 5517 does not apply to this litigation.

Plaintiff-Appellees further contend in their remaining reply points that there is no material fact issue with regard to the nature and duration of Defendant-Appellants' alleged adverse possession; that the record conclusively shows as a matter of law: (1) that the adverse possession was unaccompanied by any hostile or adverse claim; (2) the adverse possession was not exclusive possession required to establish limitation title; and (3) that such adverse possession did not last ten years. We disagree.

We believe the summary judgment record before us raises material fact issues concerning the nature and duration of the Defendant-Appellants' asserted adverse possession, thereby precluding summary judgment. Briefly stated, the affidavit and deposition of Gerald J. Jansing show that he and his family reside at 3301 Castle Drive, Waco, Texas; that he and his wife purchased this home (located on Lot 3) from Newman E. Copeland, et ux, on May 22, 1970, immediately after which he and his family went into possession and have continually been in possession of said property (including the property in controversy) up to the time of trial; that at all times the Jansings believed that they owned title up to the retaining wall, and that said wall was the east boundary of their home property; that they (Jansings) have at all times claimed ownership of the land up to the retaining wall; that the Jansings have mowed the grass, kept the yard, and planted some vegetation on the strip in controversy; there has been no interruption in the Jansings' use and enjoyment of the property, and no one ever disputed their claim to the property in question until this suit was filed.

The affidavit and deposition of Newman E. Copeland shows that he and his wife bought this property from the Glasgows in 1962; they went into possession immediately thereafter and used the property continuously as their home, including the strip in controversy, until they sold same to the Jansings in 1970; that during all the time that he (Copeland) owned and possessed the property, he claimed all of the property up to the retaining wall and chain link fence; that he used and enjoyed the strip in question as a part of his property all during that time; that he used and maintained it as a part of his yard, keeping the grass mowed and trimmed and removing a flower bed along the chain link fence, as well as trees and other undesirable brush; that he used and enjoyed the strip in question as he did every other part of the yard of his home place; he was never interrupted by anyone claiming adversely to him, and no one ever disputed his right to the use and enjoyment of the property in question; that at all times during which he lived on the property, he was of the opinion and believed that his ownership extended to the chain link fence and he so claimed it as his own property. Both Copeland and Jansing stated that their respective possessions of the strip in question had been open and notorious.

For the above reasons, we reverse the trial court's judgment and remand the cause for trial on the merits.

REVERSED AND REMANDED.