

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

June 22, 2000

The Honorable Chris Harris
Chair, Administration Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0235

Re: Whether a property owner of land dedicated as a cemetery may convey the land and related questions (RQ-0175-JC)

Dear Senator Harris:

You ask a number of questions about the disposition of land dedicated as a cemetery. Because you have not provided any background information, we answer your questions in only the most general terms and without regard to any specific factual situation. As a general matter, property dedicated as a cemetery must be used as a cemetery unless and until the dedication is removed. A permit from the Texas Department of Health is required to remove remains from a cemetery to another, offsite location or to disturb remains in an unknown or abandoned cemetery in order to construct improvements on the property. A cemetery dedication may be removed in an action under section 711.010 or 711.036 of the Health and Safety Code or an action to abate a cemetery as a nuisance under section 711.007. We wish to stress that these very general legal conclusions, and the other legal conclusions that follow, are not intended to reflect the proper legal resolution of any particular fact situation.

Your first two questions pertain to the right of the owner of property dedicated as a cemetery to convey the land:

> 1) Does [a] property owner who holds in trust property that was conveyed by deed and dedication therein as a public burial ground ("cemetery") and on which remains have been interred, have the right of sale or conveyance to such publicly dedicated land other than the sale of burial plots?

> 2) May property that has been conveyed by deed and dedicated as a public "cemetery" when [the] deed has been so recorded and human remains have been interred on the property be subject to any sale or conveyance that would interfere with its continued use as a public burial ground?

Letter from Senator Chris Harris, Chair, Administration Committee, to Honorable John Cornyn, Texas Attorney General, at 1 (Jan. 20, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"].

Chapter 711 of the Health and Safety Code contains general provisions relating to cemeteries and is the codification of various statutes, some enacted as early as 1917 and 1934.[1] As your letter cites section 711.035 of the Health and Safety Code after each of these questions, *see id.*, we assume that the cemetery to which you refer was dedicated by a cemetery organization under section 711.034 of the Health and Safety Code, *see* TEX. HEALTH & SAFETY CODE ANN. § 711.034 (Vernon Supp. 2000); *see also id.* § 711.001(3) (defining "cemetery organization").

Under section 711.035 of the Health and Safety Code, dedication of land as a cemetery is not affected by its sale and the land must be used as a cemetery until the dedication is removed or the cemetery is abated as a nuisance by court order under section 711.007. Section 711.035 provides that "[d]edication of cemetery property and title to the exclusive right of sepulture of a plot owner are not affected by the dissolution of the cemetery organization, nonuse by the cemetery organization, alienation, encumbrance, or forced sale of the property" and that "[d]edicated cemetery property shall be used exclusively for cemetery purposes until the dedication is removed by court order or until the maintenance of the cemetery is enjoined or abated as a nuisance under Section 711.007." *Id.* § 711.035(b), (f). We also note that case law suggests that, under the common law, the conveyance of land dedicated as a cemetery did not affect its use. *See, e.g., Houston Oil Co. v. Williams*, 57 S.W.2d 380, 384-85 (Tex. Civ. App.–Texarkana 1933, writ ref'd) ("It appears to be the rule that, where property has been actually appropriated either as a private family burying ground or as a public cemetery, it cannot in either instance be inherited or conveyed as other property is done so as to interfere with the use and purposes to which it has been devoted. . . . 'When once dedicated to burial purposes, and interments have there been made, the then owner holds the title to some extent in trust for the benefit of those entitled to burial in it, and the heir at law, devisee, or vendee takes the property subject to this trust.'") (citations omitted) (quoting *Hines v. Tennessee*, 149 S.W. 1058, 1059 (Tenn. 1911)). *See generally* 12 TEX. JUR. 3D *Cemeteries* §§ 12-13 (1993).

Your third question goes to how dedication of land as a cemetery is accomplished as well as its effect: "If [the] original grantor of [the] land recorded a written instrument dedicating [the] land as [a] public burial ground and the public uses such land to inter remains[,] is an irrevocable dedication to public use created?" Request Letter at 1.

Section 711.034 of the Health and Safety Code provides various requirements that a cemetery organization that acquires property for interment purposes must follow in order to dedicate it as a cemetery, including making a map of the property and filing the map and written certificate or declaration of dedication with the county clerk. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.034(a)(1), (b), (c) (Vernon Supp. 2000). "Filing a map . . . and a certificate or declaration

---

[1]*See* Act of Mar. 29, 1917, 35th Leg., R.S., ch. 125, § 1, 1917 Tex. Gen. Laws 323; Act of Feb. 27, 1934, 43d Leg., 2d C.S., ch. 66, § 1, 1934 Tex. Gen. Laws 146.

under [section 711.034] dedicates the property for cemetery purposes and is constructive notice of that dedication." *Id.* § 711.034(d). Under the common law, however, no instrument was required to dedicate land as a cemetery, and the actual use of land as a cemetery was sufficient for a dedication. *See Damon v. State*, 52 S.W.2d 368, 370 (Tex. Comm'n App. 1932) ("no particular instrument or ceremony is required to dedicate a tract of land to cemetery purposes. Its actual use as such is sufficient"). *See generally* TEX. JUR. 3D *Cemeteries* § 11 (1993). Again, with respect to the effect of a cemetery dedication, the Health and Safety Code provides that "[d]edicated cemetery property shall be used exclusively for cemetery purposes until the dedication is removed by court order or until the maintenance of the cemetery is enjoined or abated as a nuisance under Section 711.007." TEX. HEALTH & SAFETY CODE ANN. § 711.035(f) (Vernon Supp. 2000).

Your fourth question is whether section 711.008 of the Health and Safety Code "appl[ies] to a cemetery established prior to the Act and in existence without operating (existing interment but no current or future interment of remains)?" Request Letter at 1. We understand you to ask about the scope of subsections (a) and (b)(1) of section 711.008. Subsection (a) restricts the location of a cemetery in and near municipalities of various populations. It provides that "an individual, corporation, partnership, firm, trust, or association may not establish or operate a cemetery, or use any land for the interment of remains," located, for example, "in or within one mile of the boundaries of a municipality with a population of 5,000 to 25,000." TEX. HEALTH & SAFETY CODE ANN. § 711.008(a)(1) (Vernon Supp. 2000). The required distance increases for municipalities of greater populations. *See id.* § 711.008(a)(2)-(5). However, subsection (b)(1) provides that the subsection (a) restrictions do not apply to "a cemetery heretofore established and operating." *Id.* § 711.008(b)(1). Your query requires us to construe the phrase "heretofore established and operating" in subsection (b)(1) both with respect to the date to which "heretofore" refers and with respect to the meaning of the phrase "established and operating."

First, we consider the scope of section (b)(1) with respect to time. When section 711.008(b)(1) was enacted in 1989 as the codification of former article 912a-24 of the Revised Civil Statutes, it provided that subsection (a) did not apply to a cemetery established and operating on or before September 3, 1945, the effective date of former article 912a-24.[2] Section 711.008(b)(1) was amended in 1991, however, to provide that subsection (a) does not apply to "a cemetery *heretofore* established and operating." Act of Mar. 21, 1991, 72d Leg., R.S., ch. 14, § 215, 1991 Tex. Gen. Laws 42, 191. The purpose of this change was to "better conform to the law from which" section 711.008 was derived, *see id.*, and may have been the result of concern that the term "heretofore" in former article 912a-24 actually referred to the effective date of a very similar 1934 provision, former article 930, that it replaced.[3] However, we believe that "heretofore" must now be construed not by reference to the source law but rather according to its express terms, which clearly refer to the

---

[2]*See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 3005 (enacting TEX. HEALTH & SAFETY CODE ANN. § 711.008); *see also* TEX. HEALTH & SAFETY CODE ANN. § 711.008 revisor's note (Vernon Supp. 2000).

[3]*See* Act of Feb. 27, 1934, 43d Leg., 2d C.S., ch. 66, § 1, 1934 Tex. Gen. Laws 146.

effective date of the 1991 enactment, September 1, 1991, *see id.* § 286, 1991 Tex. Gen. Laws at 242; *see also Fleming Foods, Inc. v. Rylander,* 6 S.W.3d 278, 284 (Tex. 1999) ("directive to the Legislative Council [in connection with the codification of statutes] to refrain from changing the sense, meaning, or effect of a previous statute [may not] be used as a basis to alter the express terms of a code that the Legislature enacts as law, even when the Council's language does change the prior, repealed law"). Thus, we conclude that by operation of subsection (b)(1), as amended in 1991, the location restrictions of subsection (a) do not apply to a cemetery established and operating prior to September 1, 1991.

Next, we consider the meaning of the phrase "established and operating." Again, section 711.008(b) excepts from the location restrictions cemeteries "heretofore established *and* operating." TEX. HEALTH & SAFETY CODE ANN. § 711.008(b)(1) (Vernon Supp. 2000) (emphasis added). You specifically ask whether section 711.008 applies to a cemetery "in existence without operating," which you describe as "existing interment but no current or future interment of remains." Request Letter at 1.

We disagree with your assumption that a cemetery that is not currently interring remains and will not inter remains in the future is not "operating" for purposes of section 711.008(b). Under this construction of the term, the statute would except cemeteries at which interments have occurred and will occur in the future but not those that no longer inter remains. This would, in effect, require the dismantling of cemeteries where bodies have been buried, but that, for whatever reason, are no longer interring remains. This construction would be inconsistent with the strong public policy in favor of preserving cemeteries out of respect for the dead. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.035(a) (Vernon Supp. 2000) ("Property may be dedicated for cemetery purposes, and the dedication is permitted in respect for the dead, for the disposition of remains, and in fulfillment of a duty to and for the benefit of the public."); *see also Faulk v. Buena Vista Burial Park Ass'n,* 152 S.W.2d 891, 894 (Tex. Civ. App.–El Paso 1941, no writ) (noting that distinction made in former article 930 between established cemeteries and cemeteries to be established in the future "may have been made out of regard for the religious and sentimental feelings of a large body of the public. Thus was avoided the disinterment of the dead . . . . Furthermore, we think that is was done in recognition of the property rights of those who had theretofore dedicated their property to cemetery purposes."); TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended."). Furthermore, the law provides special procedures for the removal of cemeteries that have become a nuisance or have been abandoned, *see, e.g.,* TEX. HEALTH & SAFETY CODE ANN. §§ 711.007, .010(b) (Vernon Supp. 2000), 713.009, 714.004 (Vernon 1992), and we do not believe that this is the purpose of section 711.008.

We believe the more reasonable construction of the section 711.008(b)(1) grandfather provision is that it distinguishes between cemeteries established and actually used for interment, on the one hand, and cemeteries established but not yet used for interment, on the other. This is consistent with the chapter 711 definition of a "cemetery" as a place "that is used *or intended to be used* for interment," *id.* § 711.001(2) (Vernon Supp. 2000) (emphasis added), and thus includes both places where remains are actually interred and places established to inter remains that have not yet

been used for that purpose. Therefore, in answer to your question, we conclude that the exception applies to a cemetery established and used for interment prior to September 1, 1991.

Your fifth question is whether "remains [may] be disinterred without approval and permit from the Texas Department of Health?" Request Letter at 1. The question cites section 694.001 of the Health and Safety Code, which provides that the Texas Department of Health "shall regulate the disposal, transportation, interment, and disinterment of dead bodies to the extent reasonable and necessary to protect public health and safety." TEX. HEALTH & SAFETY CODE ANN. § 694.001. (Vernon 1992). Section 711.004 of the Health and Safety Code, which governs the removal of remains from a cemetery to another, offsite location, is also relevant. It provides that remains may be removed from a cemetery with the consent of the cemetery organization and consent of one of several listed relatives or a court order. *See id.* § 711.004(a)-(e) (Vernon Supp. 2000). In addition, subsection (f) of section 711.004 provides that a written order from the state registrar—the chief of the Bureau of Vital Statistics of the Texas Department of Health, *see id.* §§ 191.002-.004 (Vernon 1992)—must be obtained to remove remains from a cemetery:

> Except as is authorized for a justice of the peace acting as coroner or medical examiner under Chapter 49, Code of Criminal Procedure, remains may not be removed from a cemetery except on the written order of the state registrar or the state registrar's designee. . . .

*Id.* § 711.004(f) (Vernon Supp. 2000). It also provides that "[t]he Texas Board of Health may adopt rules to implement this subsection." *Id.*

The Texas Department of Health has adopted a rule governing disinterment, which, like section 711.004(f), requires that remains may not be removed from a cemetery except on written order of the state registrar or the state registrar's designee. *See* 25 TEX. ADMIN. CODE § 181.6 (1999) (Disinterment). The rule provides that a permit "shall serve as the authority to disinter, transport, and reinter a body." *Id.* § 181.6(f). Although section 694.001 of the Health and Safety Code gives the Department authority over all disinterments, the rule provides that a permit is not required to move remains within the same cemetery: "A disinterment permit shall not be required if a body is to be disinterred and reinterred in the same cemetery." *Id.* § 181.6(d).

Because the Department's exception of removal of remains from one plot to another within a cemetery from the permit requirement has significant legal implications, *see, e.g., infra* p. 9, we briefly examine the validity of the rule. We conclude that the Department's construction of the permit requirement is reasonable. Again, section 711.004(f) of the Health and Safety Code requires a permit for removal of remains "from a cemetery." TEX. HEALTH & SAFETY CODE ANN. § 711.004(f) (Vernon Supp. 2000). It is clear from section 711.004 as a whole that the phrase "removed from a cemetery" does not include moving remains from one plot to another within the same cemetery. Subsections (a) through (d) of section 711.004 provide certain requirements that must be satisfied before "[r]emains interred in a cemetery may be removed from the cemetery." *Id.*

§ 711.004(a). These requirements do not apply "to the removal of remains [] from one plot to another plot in the same cemetery." *Id.* § 711.004(e)(1). It is entirely reasonable to construe the phrase "from a cemetery" in subsection (f) to have the same meaning as the phrase "from the cemetery" as it is used in subsections (a) through (e). Furthermore, the Department's rule is not inconsistent with the Department's more general duty to regulate disinterment under section 694.001, because that statute gives the Department considerable leeway in exercising its regulatory authority. *See id.* § 694.001 (Vernon 1992) (providing that the Department "shall regulate the disposal, transportation, interment, and disinterment of dead bodies *to the extent reasonable and necessary to protect public health and safety*") (emphasis added). We assume that the Department has determined that regulation of disinterment and reburial within the same cemetery is not necessary from the perspective of public health and safety.

In addition to section 711.004 and the Department's rule, several other provisions are germane to the issue of approval to disinter or remove remains. Recently enacted section 711.010 of the Health and Safety Code provides that the owner of property on which an unknown cemetery is discovered or on which an abandoned cemetery is located "may not construct improvements on the property in a manner that would further disturb the cemetery until the human remains interred in the cemetery are removed under a written order issued by the state registrar . . . under Section 711.004(f)." *Id.* § 711.010 (Vernon Supp. 2000). Unlike section 711.004(f), which requires a permit for disinterment to remove remains from a cemetery to another, offsite location, section 711.010 requires a property owner to obtain a permit to remove remains prior to constructing improvements in a manner that would disturb the cemetery and thus may, in some circumstances, require a permit to move remains within the same cemetery. In addition, section 711.007(d) provides that the governing body of a municipality may authorize the removal of bodies from a cemetery that is "neglected so that it is offensive to the inhabitants of the surrounding section" to a perpetual care cemetery. *See id.* § 711.007(a)(2), (d). Similarly, a court or municipal governing body may authorize the removal of bodies from a cemetery to a perpetual care cemetery in certain other situations. *See id.* § 714.004 (Vernon 1992) (in case of abandoned and neglected cemetery in a county with a population of at least 525,000, court abating a cemetery as a nuisance or the governing body of the municipality where the cemetery is located may authorize removal of bodies to a perpetual care cemetery).

In sum, as a general matter, remains may not be disinterred and removed from a cemetery without a permit from the Texas Department of Health. Although a permit is not required to move remains within the same cemetery, the owner of an unknown or abandoned cemetery who wishes to make improvements on the property may not disturb the cemetery until the remains have been removed pursuant to a permit. In addition, a court or the governing body of a municipality may authorize the removal of bodies from a cemetery in certain circumstances. Finally, we caution that although a permit is not generally required to move remains within the same cemetery, the authority to move remains from one plot to another within a cemetery may be limited by statutory rights to burial in a particular location, *see id.* §§ 711.038-.040 (Vernon Supp. 2000), the rules of the cemetery organization, *see id.* § 711.038(a)(2), any instrument of conveyance governing the plot owner's rights, *see id.*, by contract, and, possibly, by tort and penal law, *see, e.g.*, TEX. PEN. CODE

ANN. § 42.08 (Vernon 1994) (person commits a misdemeanor offense "if, not authorized by law, he intentionally or knowingly[] disinters, disturbs, removes, . . . or treats in a seriously offensive manner a human corpse").

Several of your questions pertain to removal of a cemetery dedication. Question 6 asks, "May [the] owner of 'cemetery' property petition a court for removal of the deeded dedication when the property owner is not a cemetery association?" Request Letter at 1. Given that this question cites section 711.036(a) of the Health and Safety Code, *see id.*, we gather the question is whether section 711.036(a) provides a mechanism for a property owner other than *a cemetery organization* to remove a cemetery dedication. Section 711.036(a) provides that "[a] cemetery organization may petition a district court of the county in which its dedicated cemetery is located to remove the dedication with respect to all or any portion of the cemetery" upon certain conditions. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.036(a) (Vernon Supp. 2000). A cemetery organization is defined by chapter 711 as:

> (A) an unincorporated association of plot owners not operated for profit that is authorized by its articles of association to conduct a business for cemetery purposes; or

> (B) a corporation, either for profit or not for profit, that is authorized by its articles of incorporation to conduct a business for cemetery purposes.

*Id.* § 711.001(3). Section 711.036 does not authorize persons other than cemetery organizations as defined by chapter 711 to petition for removal of a cemetery dedication. We note, however, that section 711.007 of the Health and Safety Code authorizes various officials, entities, and individuals to bring an action in county court to abate a cemetery as a nuisance and enjoin its continuance. *See id.* § 711.007; *see also id.* § 714.004 (Vernon 1992). A court order enjoining or abating a cemetery serves the same purpose as a court order removing the dedication. *See id.* § 711.035(f) (Vernon Supp. 2000) ("[d]edicated cemetery property shall be used exclusively for cemetery purposes until the dedication is removed by court order or until the maintenance of the cemetery is enjoined or abated as a nuisance under Section 711.007."). In addition, recently enacted section 711.010 authorizes a district court of the county in which an unknown cemetery is discovered or on which an abandoned cemetery is located to order the removal of a cemetery dedication "[o]n petition of the owner of the property." *Id.* § 711.010(b). The right to petition provided by section 711.010 is not limited to cemetery organizations.

Your seventh question is whether "[the] owner of 'cemetery' property [may] seek to remove deeded dedication of [a] public burial ground while remains are interred on the property?" Request Letter at 1. Under section 711.036, a cemetery organization may petition a district court for removal of a cemetery dedication if "(1) all the remains have been removed from that portion of the cemetery where the dedication is to be removed; or (2) no interments were made in that portion of the cemetery where the dedication is to be removed and that portion of the cemetery is not used or

necessary for interment purposes." TEX. HEALTH & SAFETY CODE ANN. § 711.036(a) (Vernon Supp. 2000). As we have noted, however, other provisions provide for a court to abate a cemetery as a nuisance and enjoin its continuance. *See id.* § 711.007(a), (b); *see also id.* § 714.004 (Vernon 1992). These provisions allow for removal of remains following a court order. *See id.* § 711.007(d) (Vernon Supp. 2000); *see also id.* § 714.004 (Vernon 1992). Finally, section 711.010 authorizes a district court to order the removal remains from an abandoned or previously unknown cemetery to a perpetual care cemetery on the petition of the property owner to remove the cemetery dedication. *See id.* § 711.010(b) (Vernon Supp. 2000).

Your eighth question is closely related: "May remains be disinterred prior to removal of deeded dedication?" Request Letter at 2. As we have discussed, remains may be disinterred and removed from a cemetery with the requisite consent (or a court order) and a permit from the Texas Department of Health. *See* discussion, *supra* p. 5. Consent and a permit are not generally required to move remains within the same cemetery, although other limitations may apply. *See* discussion, *supra* pp. 5-6. Furthermore, the owner of an unknown or abandoned cemetery who wishes to make improvements on the property may not disturb the cemetery until the remains have been removed pursuant to a permit from the Texas Department of Health. *See* discussion, *supra* p. 6. Finally, a court or the governing body of a municipality may authorize removal of remains to a perpetual care cemetery in certain limited circumstances. *See id.*

Your ninth question is whether "[the] owner of 'cemetery' property [may] make [an] application to plat such property for another intended use when the deeded dedication of such property has not been removed by a court or remains are interred on the property? May a municipal board approve such application or plat on property with a deeded dedication that has not been removed or while remains are interred?" Request Letter at 2. As we have noted, a cemetery dedication is for the benefit of the public and "[d]edicated cemetery property shall be used exclusively for cemetery purposes until the dedication is removed by court order or until the maintenance of the cemetery is enjoined or abated as a nuisance under Section 711.007." TEX. HEALTH & SAFETY CODE ANN. § 711.035(f) (Vernon Supp. 2000). Although we have found no statute or case addressing the authority of a city to consider and approve a plat providing for use of a dedicated cemetery for purposes contrary to the dedication, we have found authority standing for the general proposition that a city may not authorize a person to use property contrary to a dedicated public use. *See generally Lysaght v. City of Fort Worth*, 359 S.W.2d 128, 130 (Tex. Civ. App.–Fort Worth 1962, writ ref'd) ("As against the public the city cannot give the abutting property owners the right to construct permanent obstructions on any portion of a street dedicated to public use."); *Joseph v. City of Austin*, 101 S.W.2d 381, 384 (Tex. Civ. App.–Austin 1936, writ ref'd) ("The law is settled that as against the public the city could not give the abutting property owners the right to construct permanent obstructions on any portion of a street dedicated to public use by map and plat of an addition."); 30 TEX. JUR. 3D *Dedication* § 53 (1998). Therefore, we conclude that a city may not authorize a person to use property dedicated as a cemetery contrary to the dedication and that municipal approval of a plat for a purpose contrary to a cemetery dedication would be without effect.

Your tenth question is whether "[the] property owner of a non-perpetual care cemetery who is not a cemetery organization [may] move interred remains from one plot to another location in the 'cemetery.' . . . . If yes, are the descendants of those interred provided notification of removal and relocation of the remains and is their consent required?" Request Letter at 2.

Section 711.004(a) of the Health and Safety Code provides that "[r]emains interred in a cemetery may be removed from the cemetery *with the written consent of the cemetery organization operating the cemetery* and the written consent of the current plot owner or owners and" certain relatives of the decedent in order of priority. TEX. HEALTH & SAFETY CODE ANN. § 711.004(a) (Vernon Supp. 2000) (emphasis added). If consent cannot be obtained, remains may be removed with court permission. *Id.* § 711.004(c). Notice must be given to the cemetery organization, the relatives listed in subsection (a), and any other person the court requires. *See id.*

Significantly, section 711.004 authorizes removal of remains *from* a cemetery operated by a cemetery organization. As we have noted, the consent and notice limitations do not apply "to the removal of remains (1) from one plot to another plot in the same cemetery." *Id.* § 711.004(e). Although the regulatory scope of section 711.004 is limited to removal of remains from a cemetery operated by a cemetery organization and section 711.004 clearly permits a cemetery organization to move remains within a cemetery, we do not believe this means that other types of cemetery owners may not move remains within the cemetery. As discussed above, the Texas Department of Health rule on disinterment provides that a disinterment permit from the state registrar is not required to move remains within the same cemetery. *See* 25 TEX. ADMIN. CODE § 181.6(d) (1999) (Disinterment). Thus, we believe that the state regulatory scheme contemplates that a property owner of, as described by your question, "a non-perpetual care cemetery who is not a cemetery organization" may move remains within the same cemetery without a permit and without providing notice. As we have explained, however, the owner of property on which an unknown cemetery is discovered or an abandoned cemetery is located may not construct improvements that would disturb the cemetery without first obtaining a permit to remove the remains. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.010 (Vernon Supp. 2000). Furthermore, as we have noted, the authority to move remains from one plot to another within a cemetery may be limited by statutory rights to burial in a particular location, the rules of a cemetery organization, any instrument of conveyance, and contract as well as tort and penal law. *See* discussion, *supra* p. 6.

Question 10 also includes the following query: "If the State Registrar in their permitting process requires the notification and consent of descendants prior to disinterment, is the property owner subject to the permitting process when property owner is not a cemetery organization?" Request Letter at 2. We have not been able to locate a specific Texas Department of Health regulation requiring notice to descendants and thus answer your question in very general terms. The Texas Department of Health's regulatory authority over disinterment applies not only to removal of remains from a cemetery operated by a cemetery organization, as provided by section 711.004, but also to disinterment generally. *See* TEX. HEALTH & SAFETY CODE ANN. § 694.001 (Vernon 1992); *see also id.* § 711.010(a) (Vernon Supp. 2000) (permit required to remove remains in an unknown

or abandoned cemetery). Thus, we do not believe that the Department's permitting process is necessarily limited to disinterment by cemetery organizations.

Your eleventh and twelfth questions, which pertain to reburial of disinterred remains, are whether "remains that are disinterred from individual burial plots [may] be grouped together and re-interred in one burial or must remains be re-interred in individual plots," and whether the requirements of section 714.001 of the Health and Safety Code apply to reinterred remains? Request Letter at 2. Section 714.001 establishes depth requirements for graves, providing that "[t]he body of a decedent may not be buried in a manner so that the outside top surface of the container of the body is" less than a certain number of feet below the surface, depending upon the material of the container. See TEX. HEALTH & SAFETY CODE ANN. § 714.001(a) (Vernon 1992). We see no reason why these provisions would not apply to reburial of bodies. We have not located any statute addressing whether disinterred remains may be buried together in a common plot. Generally, however, the law contemplates that remains will be buried in an individual plot or in separate graves within a plot. See, e.g., id. §§ 711.003, .004(e)(1), .038, .039 (Vernon Supp. 2000). Furthermore, we note that under section 42.08 of the Penal Code a person commits a misdemeanor offense "if, not authorized by law, he intentionally or knowingly[] disinters, disturbs, removes, . . . or treats in a seriously offensive manner a human corpse." TEX. PEN. CODE ANN. § 42.08 (Vernon 1994). Whether reburial of remains in a common plot violates section 42.08 in a specific instance will depend upon the facts and is beyond the scope of an attorney general opinion.[4]

Your remaining questions pertain to sections added to chapter 711 of the Health and Safety Code by the Seventy-sixth Legislature establishing certain duties with respect to unknown or abandoned cemeteries. Section 711.010 provides:

> (a) The owner of property on which an unknown cemetery is discovered or on which an abandoned cemetery is located may not construct improvements on the property in a manner that would further disturb the cemetery until the human remains interred in the cemetery are removed under a written order issued by the state registrar or the state registrar's designee under Section 711.004(f).
>
> (b) On petition of the owner of the property, a district court of the county in which an unknown cemetery is discovered or an abandoned cemetery is located shall order the removal of any dedication for cemetery purposes that affects the property. If all human remains on the property have not previously been removed, the court shall order the removal of the human remains from the cemetery to a perpetual care cemetery. A petition under this subsection shall be made ex parte in the name of the owner of the

---

[4]See, e.g., Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that resolution of fact questions is beyond purview of opinion process); M-187 (1968) at 3 (same); O-2911 (1940) at 2 (same).

> property without naming any defendant or joinder of any other
> person.

TEX. HEALTH & SAFETY CODE ANN. § 711.010 (Vernon Supp. 2000). In addition, section 711.011 requires a person who discovers an unknown or abandoned cemetery to file notice of the cemetery with the county clerk. *Id.* § 711.011(a) ("A person who discovers an unknown or abandoned cemetery *shall* file notice of the cemetery with the county clerk of the county in which the cemetery is located. The notice must contain a legal description of the land on which the unknown or abandoned cemetery was found and describe the approximate location of the cemetery and the evidence of the cemetery that was discovered.") (emphasis added).

You point out that the term "unknown or abandoned cemetery" is not defined in sections 711.010 and 711.011 or elsewhere in chapter 711. *See* Request Letter at 2. You ask if "the fact that property maintenance has been neglected in a non-perpetual care cemetery amount[s] to abandonment?" *Id.* You also ask: "If a deed has been recorded in the County records, publicly dedicating land as [a] cemetery, or improvements have been constructed on the property, or grave markers remain on the property or the property has been publicly marked as [a] cemetery, or remains are interred on the property[,] is this sufficient to show that a cemetery is not abandoned?" *Id.* Thus, we gather you are concerned with the meaning of the term "abandoned cemetery."

The Code Construction Act directs that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage" and that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). In the absence of a legislative definition and given that judicial opinions use the term, we define the term "abandoned cemetery" by reference to prior cases. *See id.* § 311.011(b). According to the case law,

> [a]s long as land once dedicated to use as a cemetery "is kept and preserved as a resting place for the dead, with anything to indicate the existence of graves, or as long as it is known and recognized by the public as a graveyard, it is not abandoned." (Citation omitted.) Where bodies which have been buried in a cemetery remain therein and the ground awakens sacred memories in living persons, the mere fact that for some years no new burials have been had, and that the graves have been neglected, does not operate as an abandonment and authorize the desecration of the graves.

*Andrus v. Remmert,* 146 S.W.2d 728, 730 (Tex.), *modified on other grounds,* 149 S.W.2d 584 (Tex. 1941); *see also* 12 TEX. JUR. 3D *Cemeteries* § 20 (1993). Thus, in answer to your questions, we do not believe that the mere fact that graves are neglected would justify a finding that a cemetery has been abandoned. Furthermore, the other facts you mention—that land had been publicly dedicated as a cemetery, that improvements have been made to a cemetery, that the graves remain marked, that the property has been publicly marked as a cemetery, and that remains are interred on the property

—would all support a finding that a cemetery has not been abandoned. Ultimately, however, the determination as to whether a particular cemetery has been abandoned will depend upon the totality of the circumstances and, because it must involve resolution of fact questions, is beyond the purview of an attorney general opinion. *See supra* note 4.

## S U M M A R Y

Property dedicated as a cemetery must be used as a cemetery unless and until the dedication is removed. A permit from the Texas Department of Health is required to remove remains from a cemetery to another, offsite location or to disturb remains in an unknown or abandoned cemetery in order to construct improvements on the property. A cemetery dedication may be removed in an action under section 711.010 or 711.036 of the Health and Safety Code or in an action to abate a cemetery as a nuisance under section 711.007.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee