**Mrs. Jessie GUNTER, Appellant,**

v.

**Eugene MOLK, Appellee.**

**No. 09 82 131 CV.**

Court of Appeals of Texas, Beaumont.

Dec. 29, 1983.

Rehearing Denied Jan. 24, 1984.

Michael A. McDougal, Conroe, for appellant.

Gerald J. Creighton, Conroe, for appellee.

OPINION

BROOKSHIRE, Justice.

Mrs. Jessie Gunter, Appellant, appeals from an adverse judgment rendered after a trial on the merits wherein both the facts and the law were submitted to the District Judge without a jury. No formal findings

of fact were requested under the appropriate rules of civil procedure. No findings of fact nor conclusions of law were made or filed in writing.

At the conclusion of the trial, after a brief recess, the District Court pronounced that after reviewing the pleadings and the evidence presented there was no alternative except to deny all relief requested by the Plaintiff/Appellant. Immediately thereafter, the attorney for the Appellant, orally and informally, asked for "a finding of fact at whatever conclusions—" [sic]. In the Statement of Facts we find this pronouncement:

"THE COURT: Yes. The findings in fact are that the evidence is insufficient to support evidence of any graves outside the fenced area, and the Court finds that there is not sufficient evidence to justify a finding of graves outside the fenced area.

"I would extend that graveyard if I knew where to extend it and who I was encompassing in the graveyard, but I have no evidence to show me—if I increase it to three and a half (3½) acres, I've got no evidence to show me that I've got grandma and grandpa or the folks that were on the community.

"Which way do I take that graveyard; where do I take that graveyard to encompass those people?"

On July 15, 1982, a judgment was signed declaring that the Appellant take nothing of or from the Appellee, providing that all relief not expressly granted was denied.

The Statement of Facts is of moderate length. After reviewing the same, we find ample, sufficient and adequate evidence of probative force to sustain the informal, oral pronouncements made by the trial judge. We also find ample, sufficient and adequate evidence of probative force to fully support the judgment below.

The Appellee pleaded that, if there were any burials that ever occurred outside the presently marked and fenced cemetery site, those burials and graves had been abandoned for a long time. The Appellee also pleaded that no cemetery exists upon the land in question except that presently marked and fenced as a cemetery site. From the record, we find that the Appellant did not follow TEX.R.CIV.P. 296 requesting the trial judge to state in writing his Findings of Fact and Conclusions of Law. We find no such request, pursuant to *Rule 296*, was filed within ten days after the final judgment or order overruling the Motion for New Trial. Needless to say, the trial court did not, sua sponte, and properly did not, prepare Findings of Fact and Conclusions of Law in accordance with TEX.R. CIV.P. 297 and 298.

When, as here, Findings of Fact are not properly requested under the applicable Rules of Civil Procedure and, therefore, none are filed, the judgment at the trial level should be and, indeed, must be affirmed if it can be upheld on any legal theory with support in the evidence. *Goodyear Tire & Rubber Co. v. Jefferson Const.*, 565 S.W.2d 916 (Tex.1978); *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968).

In a bench trial the judge has broad discretion to reach his own conclusions as to the controlling facts or the ultimate facts after considering all the evidence. *Electro-Hydraulics Corp. v. Special Equip. Eng. Inc.*, 411 S.W.2d 382 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.). Necessarily and inescapably, the trial court can accept or reject any or all of the testimony of any of the witnesses. *Hood v. Texas Indemnity Ins. Co.*, 146 Tex. 522, 209 S.W.2d 345 (1948).

The Appellant's sole point of error is:

"The trial court erred in rendering its judgment that the plaintiff take nothing by her cause of action when the plaintiff did fully and competently prove her case by a preponderance of the evidence; the trial court's judgment was contrary to the law and the evidence."

As we construe the point of error, it requires this court to consider all the evidence. We have done so. Under this point, the judgment below will be upheld unless it

is so against the overwhelming weight and preponderance of the evidence as to be clearly and manifestly wrong and unjust. This is simply not the record before us. We find that the actions, findings, oral findings and the judgment of the trial court below are amply, sufficiently and adequately, in each and every instance, supported by a strong preponderance of the evidence. But the general rule regarding these types of challenges has been summarized in *Corporate Personnel Consultants v. Wynn Oil Co.,* 543 S.W.2d 746 (Tex.Civ.App.—Texarkana, 1976, no writ). In that case, the Texarkana Court noted, at 748:

"Unless there is no evidence to support the finding or unless the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong, the appellate court may not set it aside."

We find our record is stronger in favor of the judgment and in favor of the Appellee than the record in the *Corporate Personnel Consultants case, supra.*

The Appellant concedes in her brief that the tombstones on the tract in question disappeared about 1950, which is over 30 years ago, and that there have been no burials since 1932, which is approximately 49 or 50 years ago. Appellant cites and relies upon *Andrus v. Remmert,* 136 Tex. 179, 146 S.W.2d 728 (1941). But even in *Andrus, supra,* the court reasoned that a failure to use the area in dispute for more than 50 years as gravesites for the permanent interment of the human dead would *conclusively show that an unoccupied area had been abandoned for cemetery purposes.* The court also said, in substance, that the general public does not have a right in this land for cemetery purposes, because the failure to use the cemetery for new or additional interments for over 50 years would certainly raise the issue of abandonment. The trial judge in our case could have properly found abandonment; he impliedly did so. The *Andrus case, supra,* was modified on a motion for rehearing *on other grounds.* 149 S.W.2d 584 (Tex.1941).

The Appellee brought forward a witness who had considerable, if not vast, experience in working in cemeteries of various types and had ample experience of long years' duration in probing for and locating graves containing human remains. This witness testified that he had probed adjacent areas outside the present fence, testing some areas to the depth of 6 feet, other areas to the depth of 5½ feet and other appropriate depths. Yet, he could not find a single grave mound and he could certainly not find a single grave containing human remains at any place outside the present cemetery site which was, at the time of the probing and at time of trial surrounded by a hurricane-type fence.

A number of the witnesses for the Appellant—as did the appellant herself—testified from memory as to certain events that took place approximately 30 years ago or longer. It is certainly trite but meaningful and important to state that the trial judge had the opportunity to observe the demeanor of the witnesses and to weigh their testimony; to weigh and decide whether the recollections of long ago were accurate and whether they contained the ring of truth and credibility. The trial court had the opportunity to carefully observe all of the facial expressions, demeanor, tenor, mental awareness and power of recollection of the witnesses. The trial judge, being the fact finder, had the very broadest discretion in believing certain witnesses and disbelieving others; in finding credibility in certain witnesses' testimony and not in others; in believing a part of a witness' testimony and rejecting the rest.

We easily perceive a number of fact findings and legal conclusions based thereon that the trial judge could have properly arrived in entering the judgment below—only one of which he orally and informally indicated—all well within his broad and proper prerogative. The trial judge did not say or hint that his oral pronouncements were the *only basis for his judgment.* He could have found, inter alia, that there were simply no graves containing the human dead outside the present hurricane fence, which bounds and delineates the cemetery.

He also could have found that the fence was in the proper place and that the fence marked off the outer limits of the proper boundary lines of the whole cemetery, including the old Williams Family Cemetery and the Carroll plot.

We do not take lightly but, rather, very conscientiously and seriously, the importance of a cemetery; and we approach with an especial, high degree of conscientiousness and a great degree of concern our awesome and humbling duty when litigants bring their appeals here involving sacred memories that are, without doubt, still sincerely, piously and spiritually felt and experienced. We have carefully considered, and reconsidered, this record under the substantive and procedural law involving this bench trial with no Findings of Fact or Conclusions of Law. We frankly feel constrained to affirm the judgment below. It is AFFIRMED.