David F. MORRISON, Appellant,

v.

Carolyn W. MORRISON, Appellee.

No. 05-85-00994-CV.

Court of Appeals of Texas, Dallas.

June 12, 1986.

Rehearing Denied July 17, 1986.

John A. George, Dallas, for appellant.

Jack Pate, Robert T. Baskett, Burleson, Pate & Gibson, Dallas, for appellee.

Before AKIN, GUILLOT, and SCALES, JJ.

GUILLOT, Justice.

David Morrison appeals the property division in a divorce judgment. Trial was to the court. On appeal, David raises ten points of error contending that: (1) the trial court abused its discretion by inequitably dividing the community estate in favor of Carolyn; (2) the trial court had no jurisdiction to file its amended findings of fact and conclusions of law; and (3) the evidence was legally and factually insufficient to support the trial court's amended findings. We disagree with each contention and, for the reasons stated below, affirm the judgment of the trial court.

The record shows that David and Carolyn were married for over thirty-five years when David filed for divorce. David alleged as grounds for divorce insupportability and cruelty. Carolyn filed a counterclaim seeking a divorce on the grounds of insupportability, cruel treatment, adultery, and desertion. The judgment of divorce was entered July 17, 1985. The community property distributed by the discretion of the court was: (1) the residence valued at $62,473.00; (2) Focus on Dallas, Inc., Carolyn's corporate business valued at $139,-000.00; and (3) David's insurance business valued at $14,000.00. The court awarded Carolyn the house and her business and awarded David $29,000.00 and his business.

The trial court filed findings of fact and conclusions of law on September 3, 1985. The court found that the marriage was insupportable because of conflict of personalities. After David perfected his appeal, Carolyn requested additional findings which the court filed on January 16, 1986.

The court additionally found that David was at fault in the breakup of the marriage because of his alcoholism, adultery, and diversion of community assets for the benefit of other women.

With respect to the diversion of community assets, the trial court found that David spent "substantial amounts of community funds" on other women while married to Carolyn. David admitted he had secretly put a girlfriend on the insurance coverage of Focus on Dallas Inc. He also admitted: (1) taking other women to Hawaii and staying in fancy accommodations; (2) taking trips all over the country with various women; (3) paying traveling expenses for various women; (4) "advancing" cash to various women; (5) paying attorney's fees for one or more women; and (6) buying gifts for other women during his marriage. He also admitted paying $2,689.45 for rent for another woman's apartment and paying or "advancing" another woman $7,385.00.

■ In points of error one through five, David contends that the trial court awarded Carolyn 83.5% of the community estate and that this division was manifestly unjust. We disagree.

Section 3.63 of the Texas Family Code gives the trial court broad discretion in the division of community assets and the division made by the trial court will not be disturbed on appeal unless a clear abuse of discretion is shown. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981). In exercising this discretion the court may consider many factors, including fault in breaking up the marriage. *Id.* at 698. It is presumed that the trial court exercised its discretion properly and every reasonable presumption is resolved in favor of the trial court's exercise of discretion. *Id; Gutierrez v. Gutierrez*, 643 S.W.2d 786, 787 (Tex.App.—San Antonio 1982, no writ). Furthermore, unequal divisions of community property have been upheld where the facts warrant the unequality. *See Jones v. Jones*, 699 S.W.2d 583, 586 (Tex.App.—Texarkana 1985, no writ); *Cluck v. Cluck*, 647 S.W.2d 338, 343 (Tex.App.—San Antonio 1982, writ dism'd) (the appellate court affirmed a division in which appellant contended that the appellee received eighty-six percent of the community property).

In the instant case, Carolyn was entitled to reimbursement to her half of the community property because of David's misuse of community funds. The right of reimbursement is an equitable right which may be considered by the trial court in determining the division of community property. *Horlock v. Horlock*, 533 S.W.2d 52, 60–61 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd). We presume, therefore, that when the court divided the community, it awarded Carolyn a substantial reimbursement for the assets David diverted from her half of the community. *See Robbins v. Robbins*, 519 S.W.2d 507, 510–11 (Tex.Civ. App.—Fort Worth, 1975, no writ) (the appellate court presumed that the wife's entitlement to reimbursement of her separate estate was taken into calculation by the trial court when it divided the parties' community property); TEX.R.CIV.P. 299. Furthermore, the trial court found David at fault in the breakup of the marriage because of his adultery. We presume that the trial court also considered this factor when it divided the community. *Gutierrez*, 643 S.W.2d at 787. Based on the evidence of Carolyn's right to reimbursement and David's adultery, we hold that the trial court did not abuse its discretion in awarding a disproportionate amount to Carolyn. *See Murff*, 615 S.W.2d at 698.

■ In points of error nine and ten, David attacks the sufficiency of the evidence to support the trial court's finding of his wrongful diversion of community assets. Because a trust relationship exists between husband and wife as to that community property controlled by each spouse, the burden of proof to show fairness in disposing of community assets is upon the disposing spouse. *Spruill v. Spruill*, 624 S.W.2d 694, 697 (Tex.App.—El Paso 1981, writ dism'd). Thus, once evidence of the expenditures of community funds was admitted, it was incumbent on David to justify the expenditures.

At trial David admitted paying $2,689.45 for another woman's apartment rent. He claimed that the payment was an "advance" but admitted that nothing was written on the check to indicate the advance. He also admitted "advancing" another woman $7,385.00, but offered no evidence of reimbursement. He also admitted taking trips all over the country with other women and paying legal fees and traveling expenses for other women. The extravagant nature of these expenditures and David's failure to document the transactions gave the court broad discretion in evaluating David's testimony. *Id; Gunter v. Molk,* 663 S.W.2d 674, 675 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.). In a bench trial, the judge has broad discretion to reach his own conclusion after considering all the evidence and can accept or reject any or all the testimony of any witness. *Gunter,* 663 S.W.2d at 675. Consequently, the trial court could disregard David's testimony that these expenditures were "advances" or business expenses.

Moreover, the court could arrive at its own estimation of the total amount wrongfully spent. *Id.* David stated that he did not have bank records except for the two years preceding the trial. The trial court could reasonably infer that other funds or assets were wrongfully diverted from the community estate which could not be discovered because of the lack of records. We conclude that the evidence of David's expenditures and his failure to document or keep bank records is sufficient to support the trial court's finding that David wrongfully spent a substantial amount of community funds on other women.

▇ David also contends that the evidence is insufficient to support the trial court's finding of his adultery. We disagree. At trial, David admitted taking other women to motels for "sexual encounters" but denied commiting adultery because he claimed he was incapable of sexual intercourse. Adultery, however, can be shown by circumstantial evidence. *Miller v. Miller,* 306 S.W.2d 175, 176 (Tex.Civ.App.—San Antonio 1957, no writ). Fur-

thermore, in evaluating David's testimony, the trial court could disregard David's uncorroborated claim of impotency. *Gunter,* 663 S.W.2d at 675. Consequently, we hold that David's testimony of his "sexual encounters" with other women is sufficient evidence of adultery to support the trial court's finding.

We conclude that the trial court properly exercised its discretion in dividing the community estate and that the disparity in the division favoring Carolyn was due to David's diversion of community assets and his adultery. Because the trial court's division of property was warranted by David's wrongful diversion of community assets and adultery, we need not address David's point of error relating to the court's finding of his alcoholism. Consequently, we overrule points of error one through five and points of error nine and ten.

▇ In points of error six, seven, and eight, David contends that the trial court had no jurisdiction to file its amended findings of fact because the time requirements of rule 298 of the Texas Rules of Civil Procedure had expired. In addition, David argues that his due process rights were violated because the trial court filed additional findings after its plenary power to affect the judgment had expired. We disagree with each contention.

Rule 298 in pertinent part provides:

After the judge so files original findings of fact and conclusions of law, either party, may, within five days, request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions as may be proper, whereupon they shall be considered as filed in due time.

TEX.R.CIV.P. 298. This rule does not preclude the trial court from issuing belated findings of fact; rather, it sets time limits for requesting and filing so that a litigant or trial judge may avoid the consequences of noncompliance. These consequences are: (1) if a litigant fails to timely request

additional findings in compliance with rule 298, he waives his right to complain of the trial court's *refusal* to make designated findings and conclusions, *Kincaid v. Gulf Oil Corp.*, 675 S.W.2d 250, 255 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); and (2) if a judge files belated findings and the litigant can show injury, i.e., the litigant is unable to request additional findings or to adequately present his appeal, then the appellate court may abate the appeal and order the judge to consider the required additional findings. *See Wallen v. State*, 667 S.W.2d 621, 622 and 624 (Tex.App.—Austin 1984, no writ) (trial court filed original findings after its jurisdiction over the case had expired and the appellate court abated the appeal and directed the trial court to act upon the litigant's request for additional findings); *Muns v. Muns*, 567 S.W.2d 563, 564 (Tex.Civ.App.—Dallas 1978, no writ); and *McShan v. Pitts*, 538 S.W.2d 266 (Tex.App.—San Antonio 1976, no writ).

We conclude that when a court files belated findings the only issue that arises is the injury to the appellant, not the trial court's jurisdiction to make the findings. Additionally, we find no language in rule 298 that precludes a judge from responding to an untimely request for findings. David's argument that the trial court erred in acting upon Carolyn's untimely request is not supported by rule 298.

■ David, however, contends that we must disregard the amended findings because they are in conflict with the original findings. The original findings state that the marriage had become insupportable because of discord and conflict of personalities. The amended findings state that David was at fault in the breakup of the marriage. David argues that the original finding of insupportability was a "no fault" ground for the divorce which the later findings could not refute. We disagree. The later findings merely state other grounds for the divorce in addition to insupportability. Under Texas law, any conflict is resolved in favor of the later findings. *Redman v. Bennett*, 401 S.W.2d 891, 894 (Tex.

Civ.App.—Tyler 1966, no writ); *Anderson v. Geraghty*, 212 S.W.2d 972, 974 (Tex.Civ.App.—San Antonio 1948, no writ). We overrule David's sixth and seventh points of error.

 Finally, David contends that his constitutional due process rights were violated because the court filed its amended findings after the court's jurisdiction over the case had expired. David, however, fails to allege any specific constitutional harm. He only complains of the extra expense required to file his supplemental brief in response to the untimely action of the court. Because David does not show us any specific harm which resulted in a denial of his right to adequately present his appeal, we conclude that his due process rights were not violated. We overrule David's eighth point of error.

Affirmed.