NO. 07-99-0380-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 29, 2000

______________________________

IN THE MATTER OF THE MARRIAGE OF

JOSEPH AGAGE OUMA AND LUCINDA MARIE OUMA

_________________________________

FROM THE 99
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-561,389-A; HONORABLE CARLTON B. DODSON, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Joseph Agage Ouma appeals from actions of the trial court in a divorce proceeding.  By two issues he asserts that the trial court (1) failed to divide all the property of the parties; (2) did not apply appropriate evidentiary standards in dividing property;  and (3) failed to file findings of fact and conclusions of law pursuant to timely request.  We affirm.

BACKGROUND

Appellant Joseph Agage Ouma and appellee Lucinda Marie Yates (formerly Lucinda Marie Ouma) were married in February, 1993.  Appellee filed for divorce in October, 1997.  The case was tried to a jury from March 29, 1999, through April 1, 1999, in the 99
th
 District Court of Lubbock County (the trial court).  Non-property matters were severed from the divorce and property questions, and separate final judgments were entered.  This appeal arises from the final property division and judgment of divorce signed by the trial judge on June 21, 1999 (the judgment).

Pertinent filings and events relevant to the appeal are as follows:  

Date
 
 Filing/event
 

1.  July 9, 1999 appellant filed Request for Findings of Fact and Conclusions of Law.  

2.  July 21, 1999 appellant filed Motion for New Trial.  

3.  August 6, 1999 appellant filed Notice of Past Due Findings of Fact and Conclusions of Law.   

4.  September 8, 1999 trial court filed Findings of Fact and Conclusions of Law.   

5.  September 17, 1999 appellant filed notice of appeal, requested preparation of reporter’s record, designated clerk’s record.

6.  October 15, 1999 clerk’s record received by appellate clerk.

7.  October 25, 1999 supplemental clerk’s record containing Divorce Decree received by appellate clerk.

8.  November 4, 1999 second supplemental clerk’s record containing trial court’s Findings of Fact and Conclusions of Law received by appellate clerk.

9.  November 29, 1999 reporter’s record received by appellate clerk, pursuant to extension of time for filing.

         10.  December 31, 1999 appellant’s brief received by appellate clerk, pursuant to one-day extension of time for filing.

         11. January 19, 2000 appellee’s brief received by appellate clerk.

By his first issue, appellant claims that the trial court failed to divide all the property of the parties, and that the trial court abused its discretion in making its division of property.  He alleges that (1) the judgment failed to make any disposition of a 1991 Ford F-150 pickup and the Templeton Capital Accumulation Account number 450-7001-061124, and (2) the evidence was insufficient to support the awarding of a 1996 S-10 Chevrolet pickup to appellee.  His second issue complains that the trial court failed to issue findings of fact and conclusions of law, thus precluding him from effectively contesting the division of the community estate.  We will address the issues as presented by appellant.

FAILURE TO PROPERLY DIVIDE PROPERTY

In its decree of divorce, the trial court is required to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.  
Tex. Fam. Code Ann
. § 7.001 (Vernon 1998).  The division of property is to include a determination of the rights of both spouses in any pension and retirement plans.  
See
 
Tex. Fam. Code Ann
. § 7.003.

The 1991 Ford F-150 pickup was awarded to appellant as his separate property in the divorce decree and was addressed by the court in its findings of fact.  While neither the decree nor the court’s findings specify the truck’s vehicle identification number, appellant’s Revised Inventory and Appraisement list of assets entered into evidence at the hearing following completion of the jury trial reflects only one 1991 Ford F-150 pickup.

The divorce judgment confirmed the Templeton account as the separate property of appellee, with a community property interest.  The account was classified as a retirement account by the trial court in its findings of fact.  The judgment ordered appellant to execute all necessary documents to transfer sole control and possession of the account to appellee.  The decree and findings of fact were in accord with the position taken by appellant during the post-verdict hearing on April 1, 1999.  At that hearing the trial judge, the attorneys, and the parties addressed the character and values of the various assets to be divided.  The position taken by counsel for appellant was that appellant should be awarded his retirement accounts and appellee should be awarded her retirement accounts.  Following appellant’s counsel making such recommendation to the judge, appellant testified on property matters.  He in no manner questioned his counsel’s suggested division of the retirement accounts. 

In its judgment the trial court divided the retirement accounts, including the Templeton account number 450-7001-061124, as suggested by appellant’s counsel in the presence of appellant.
(footnote: 1) The hearing transcript, the exhibits, the decree, and the findings of fact show that the trial court considered and disposed of the Templeton account in question as recommended by appellant and awarded the Ford pickup to appellant.  

Appellant’s complaint about the awarding of a 1996 Chevrolet S-10 pickup to appellee does not explain why he picks one piece of property to claim evidentiary insufficiency to support its award to appellee.  Appellant’s brief does not refer us to any evidence in the record to show that the community had any equity in the pickup.  His inventory and appraisement, which formed the basis of the discussion between the trial judge, the attorneys and the parties during the hearing of April 1st
, does not reference the pickup, any value for it, or any lien against it.  If evidence of community equity in the S-10 pickup exists in the record of three days of jury trial and a post-verdict hearing, it is the obligation of appellant to refer us to it.  
Tex. R. App. P
. 38.1(h).  Failure to set out how much community equity appellant claims was in the pickup and  where evidence of the equity can be found in the record may prevent the claimed error from being reviewed.  
See
 
State Farm Fire and Cas. Co. v. Price
, 845 S.W.2d 427, 435 (Tex.App.--Amarillo 1992, writ dism’d by agr.).  Additionally, without knowing how much community equity, if any, appellant claims was in the pickup, we would be speculating to conclude that he suffered harm by the action of which he complains.  Some of the assets owned by the parties were agreed to have no substantial value, and the trial court so found.  Other assets, such as the 1991 Ford F-150 pickup and the 1997 Toyota Camry automobile were found to have negative equity because the amount of debt secured by liens against the vehicles exceeded the value of the vehicles.  

We may not reverse a judgment unless we conclude that the error complained of probably caused the rendition of an improper judgment.  
Tex. R. App. P
. 44.1(a).  In reviewing appellant’s Inventory and Appraisement which was the basis for the post-jury-verdict hearing, we do not discern that appellant claimed any value, either community or separate, in a 1996 Chevrolet S-10 pickup.  We conclude that appellant has not shown he was or could have been harmed by the alleged error of the trial court in awarding the S-10 Chevrolet pickup to appellee.  Appellant’s first issue is overruled.

FAILURE OF TRIAL JUDGE TO FILE 

FINDINGS OF FACT AND CONCLUSIONS OF LAW

In a district court case tried without a jury, the trial court is required to issue findings of fact and conclusions of law when proper request and subsequent notice of past due findings of fact and conclusions of law are filed.  
See
 
Tex. R. Civ. P
. 296, 297.  The Rules of Civil Procedure do not preclude the trial court from belatedly filing findings of fact and conclusions of law.  
See
 
Robles v. Robles
, 965 S.W.2d 605, 610 (Tex.App.--Houston [1st Dist.] 1998, pet. denied); 
Jefferson County Drainage Dist. v. Lower Neches Valley Auth.
, 876 S.W.2d 940, 959-60 (Tex.App.--Beaumont 1994, writ denied); 
Morrison v. Morrison
, 713 S.W.2d 377, 380 (Tex.App.--Dallas 1986, writ dism’d). If a trial court files findings and conclusions belatedly, a party may request additional findings of fact and conclusions of law.  
See
 
Robles
, 965 S.W.2d at 611.  The trial court may file additional findings and conclusions after it loses plenary power to affect the judgment.  
Id
.  When the trial court untimely files its findings of fact and conclusions of law, the complaining party must show harm as a result of the late filing in order to be entitled to relief.  
Robles
, 965 S.W.2d at 610; 
Jefferson County
, 876 S.W.2d at 960; 
Morrison
, 713 S.W.2d at 381.   

Appellant’s second issue does not complain of untimely filing of the trial court’s findings of fact and conclusions of law.  He does not claim harm from the untimely filing.  Rather, he references the rule that if a trial court completely fails to file findings of fact and conclusions of law in response to proper filing of all requests to do so, the failure is presumed harmful unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury.  He cites 
Cherne Indus., Inc. v. Magallanes
, 763 S.W.2d 768, 772 (Tex. 1989), in support of his position.

We do not disagree with appellant’s legal premise.  The factual premise for his second issue, however, is not supported by the record.  The trial court filed findings of fact and conclusions of law, albeit belatedly.    

Moreover, appellant contends that “because the governing rules and principles permit trial courts to consider a myriad of factors in making the division of a community estate, [he] could only guess the reason or reasons underlying the division made in this instance.”  Yet, a trial court is required only to make findings of fact and conclusions of law on ultimate or controlling issues.  
Hill v. Hill
, 971 S.W.2d 153, 155 (Tex.App.--Amarillo 1998, no pet.).  The ultimate or controlling issue as to the property division in a divorce is whether the division was just and right. 
Id
; 
Rafferty v. Finstad
, 903 S.W.2d 374, 376 (Tex.App.--Houston [1
st
 Dist.] 1995, writ denied).  The trial court is not required to enter findings of fact on evidentiary matters such as the value of individual properties.  
Hill
, 971 S.W.2d at 155.  Appellant cites no authority which would require the trial court to give its reasons for the manner in which it divided the estate of the marriage, even if such a request were included in requested additional findings of fact.  Generally, the reasons a factfinder reached its decision on the ultimate issues, or the manner in which it reached its decision, are irrelevant in the absence of proof of misconduct by the factfinder.  
See
 
First Nat. Bank in Dallas v. Zimmerman
, 442 S.W.2d 674, 678 (Tex. 1969) (the jury's reasons for reaching a particular verdict are irrelevant, at least in the absence of some overt act of misconduct);  
Terry v. Garcia
, 800 S.W.2d 854, 859 (Tex.App.--San Antonio 1990, writ denied) (the mental processes by which a jury determines the amount of damages is ordinarily not cognizable by an appellate court).   

The relief appellant requests in connection with his second issue is (1) abatement to the trial court for entry of findings of fact and conclusions of law and then (2) extension of appellate deadlines to afford time for him to analyze the findings and conclusions and to request additional findings and conclusions if necessary, then to appeal from such findings and conclusions.  This record does not warrant the requested relief.  The findings and conclusions were filed by the trial judge nine days before appellant’s notice of appeal was filed.  The supplemental clerk’s record containing the findings and conclusions was filed with the appellate clerk over fifty days before appellant’s brief was filed.  Appellee’s brief referenced the findings and conclusions and included a copy of them in the appendix to the brief.  Appellant did not file or move to allow filing of a reply brief addressing the findings and conclusions.  Nor did appellant move for abatement of the matter because he desired to request additional findings and conclusions.  He has pursued only the relief sought in his original brief, which is based on the erroneous factual premise that the trial court completely failed to file findings of fact and conclusions of law.  We overrule appellant’s second issue. 

CONCLUSION

Having overruled both of appellant’s issues, we affirm the judgment of the trial court.  
Tex. R. App. P.
 43.2(a).  

Phil Johnson

    Justice 

Do not publish.

FOOTNOTES
1:
Parties may not recommend that the court take a particular action, and then complain on appeal that the trial court erred in taking such action.  
Northeast Tex. Motor Lines, Inc. v. Hodges
, 138 Tex. 280, 158 S.W.2d 487-88 (1942); 
see
 
City of Amarillo v. Langley
, 651 S.W.2d 906, 914 (Tex.App.--Amarillo 1983, no writ); 
Beasley v. Baker
, 333 S.W.2d 212, 214 (Tex.Civ.App.--Amarillo 1960, no writ).