02-12-097-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00097-CV

 

 


 
 
 Claude
 L. Dailey
  
  
 v.
  
  
 Patricia
 Ann Dailey and William J. Brotherton
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 324th District Court
  
 of
 Tarrant County (324-486706-10)
  
 January
 10, 2013
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

          It
is further ordered that Appellant Claude L. Dailey shall pay all costs of this
appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00097-CV

 

 


 
 
 Claude L. Dailey
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Patricia Ann Dailey and William J. Brotherton
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 324th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          Appellant
Claude L. Dailey (“Dailey”) appeals the trial court’s final decree of divorce. 
In three issues, Dailey contends that the evidence is legally and factually
insufficient to support the trial court’s implied finding of fraud; that the
trial court erred by awarding appellee Patricia Ann Dailey (“Wife”) an
equitable lien against his separate property; and that the trial court erred by
awarding spousal maintenance and a disproportionate division of community
property.  We will affirm.

II.  Background

Wife
sued Dailey, her husband of fifty years, for divorce on October 27, 2010. 
With her petition, Wife also filed a supporting affidavit wherein, among other
things, she contended that Dailey had been draining community financial assets
without her permission.  On the same day, the trial court entered a temporary
restraining order and set the order for hearing.  On December 7, 2010,
Dailey, through his attorney William Brotherton, filed an original answer,
counter-petition for divorce, and a request that the court abate all action in
this proceeding “pending physical and psychological evaluations on both parties.”

Also
on December 7, 2010, the parties agreed to a mutual temporary injunction. 
On December 20, 2010, Wife filed her first amended petition for divorce. 
In her petition, Wife specifically requested that she be awarded a
disproportionate share of the community estate based on, among other things,
fraud on the community.  Nine days later, the trial court conducted a hearing
on the temporary orders, but Dailey did not appear.  The trial court ordered
temporary spousal support of $5,070 per month.  The trial court also ordered
mutual temporary injunctions against both parties.  Dailey later filed a motion
for “De Novo Hearing on Temporary Spousal Support.”  The motion was
initially set for hearing, but the hearing was continued due to Wife’s attorney
having been in a car accident.

On
February 14, 2011, Brotherton filed an agreed motion to withdraw as
Dailey’s counsel.  Brotherton later filed an intervention for attorney’s fees,
which was eventually granted by the trial court.  Shortly after Brotherton filed
the motion to withdraw, Dailey filed a 207-page, pro se motion for
continuance regarding his motion for a hearing on temporary spousal support. 
In his motion, Dailey contended that he needed a continuance because he did not
have his file from Brotherton.  The trial court granted the continuance,
rescheduling the hearing for March 18, 2011.

Brotherton
filed a brief regarding Dailey’s motion for continuance.  In his brief, Brotherton
indicated that contrary to Dailey’s contention, he had provided Dailey a
complete copy of his entire file on February 21, 2011, one week after filing
his motion to withdraw.  Dailey filed a second motion for continuance on March 16,
2011, which was never ruled on.  Two days later, the trial court heard Dailey’s
motion regarding temporary spousal support.  Dailey appeared telephonically. 
At the hearing, Dailey testified that at that time he made only $1,700 monthly
and that he was no longer employed.  But on cross-examination, Wife introduced
paystubs indicating that Dailey was still employed and making more than $4,000
bi-weekly.  Dailey admitted that he had withdrawn over $600,000, which was in
violation of the temporary injunction, but he said that the monies were
“history.”  The trial court admonished Dailey for having not shown up at the
hearing in person.  The trial court also openly expressed that it questioned
Dailey’s veracity regarding Brotherton having given him the case file, Dailey’s
alleged lack of earnings, and Dailey’s reason for not having appeared at the hearing
in person.

Over
the next month, Dailey filed numerous documents, including objections to
spousal maintenance, motions to strike evidence, motions to lift restraining
orders, and motions for the trial court judge to recuse himself.  Dailey
appealed the denial of the judge’s recusal to this court and the temporary
orders, which were dismissed.

In
addition to violating the temporary injunction, the record indicates that
Dailey also violated discovery orders.  On July 14, 2011, the trial court
heard Wife’s motion to compel; Dailey again did not appear.  Wife filed
numerous motions herself, including a motion for enforcement and for
modification of temporary orders designed at securing temporary support.  On
July 19, 2011, the trial court signed an order to compel discovery and
also granted sanctions against Dailey.

After
a further motion to compel discovery and for sanctions were granted against
Dailey, the trial court found on August 24, 2011, that Dailey had failed
to pay spousal support as ordered.  The trial court ordered a judgment against
Dailey in the amount of $45,630.  Afterwards, the trial court granted
additional motions to compel discovery, for sanctions, and for enforcement
against Dailey.  On November 30, 2011, Dailey filed a motion for continuance
regarding the final trial.  In his motion, Dailey contended again that he did
not have his file from Brotherton.  The trial court held the trial on December 8,
2011.  Once again, Dailey failed to appear.  The trial court noted on the
record that Dailey had failed to appear at several hearings in the case.  The
trial court also overruled Dailey’s November 30 motion for continuance.

At
trial, Wife testified that she and Dailey had been married since 1960, and that
they ceased living together on October 24, 2010.  Wife testified that she
was seeking a disproportionate award of the community estate based on fraud
committed on the community, as well as fault in the breakup of the marriage and
her health conditions.  Wife testified that Dailey works for Lloyd’s Register
Energy Americas and that he made more than $100,000 annually.  She also submitted
in evidence records that were subpoenaed from Lloyd’s Register regarding
Dailey’s employment and compensation.  She also provided testimony regarding
the couple’s finances.  Wife then submitted records from their various bank
accounts, which indicated several withdrawals and transfers made by Dailey
while the temporary restraining order was in place.  Specifically, Wife
introduced evidence of a summary of transactions by Dailey demonstrating that
he had withdrawn $625,099.59 from community accounts during the pending of this
divorce action.

The
trial court granted the divorce.  In its order, the trial court awarded Wife a
monetary judgment against Dailey in the amount of $226,276.  To secure payment
regarding this award, the trial court placed an equitable lien on one of
Dailey’s separate properties located in Gladewater, Texas.  The trial court
also ordered Dailey to pay $1,732 monthly spousal maintenance to Wife.  Additionally,
the trial court confirmed past-due amounts owed by Dailey pursuant to earlier
court orders in the amount of $65,910 to Wife and $21,000 in Wife’s attorney’s
fees.  The trial court also awarded $43,680.04 to Brotherton for the attorney’s
fees incurred by Dailey.  This appeal followed.

III.  Discussion

A.      Fraud
on the Community

In part
of his first issue, Dailey contends that the evidence is legally and factually
insufficient to support evidence of fraud on the community.[2]  We disagree.

1.       Standard of Review

When a party attacks the factual sufficiency
of an adverse finding, we examine the entire record, considering the evidence
both in favor of and contrary to the challenged finding.  See Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).  We must consider all the evidence and
determine whether the adverse finding is so weak and against the great weight
and preponderance of the evidence that it is clearly wrong and unjust.  Id.

A
“no evidence” or legal insufficiency point is a question of law that challenges
the legal sufficiency of the evidence to support a particular fact finding.  City
of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  In determining
whether the evidence is legally sufficient to support a factfinder’s
determination, we must determine whether the evidence before the court would
allow reasonable and fair-minded people to find the facts at issue.  Id.
 We consider all of the evidence in the light most favorable to the challenged
finding and indulge every reasonable inference that would support it, crediting
favorable evidence if a reasonable factfinder could and disregarding contrary
evidence unless a reasonable factfinder could not.  Id.  Anything more
than a scintilla of evidence is legally sufficient to support the finding.  Cont’l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996).

2.       Law Pertaining to Fraud on the Community

A
fiduciary duty exists between a husband and a wife regarding the community
property controlled by each spouse.  Zieba v. Martin, 928 S.W.2d 782,
789 (Tex. App.—Houston [14th Dist.] 1996, no writ).  Although a spouse has the
right to dispose of community property under his control, he may not dispose of
his spouse’s interest in community funds if actual or constructive fraud
exists.  Mazique v. Mazique, 742 S.W.2d 805, 807–08 (Tex. App.—Houston
[1st Dist.] 1987, no writ).  “Fraud on the community” is a judicially created
concept based on the theory of constructive fraud and is applied when there is
a breach of a legal or equitable duty which violates the fiduciary relationship
existing between spouses.  Zieba, 928 S.W.2d at 789.  Although not
actually fraudulent, any such conduct in the marital relationship is termed
fraud on the community because it has all the consequences and legal effects of
actual fraud.  Id.

Constructive
fraud does not require an intent to defraud but is instead the breach of a
legal or equitable duty that the law declares fraudulent because it violates a
fiduciary relationship.  Id.; see Jean v. Tyson-Jean, 118 S.W.3d
1, 9 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  A presumption of
constructive fraud arises when one spouse disposes of the other spouse’s
interest in community property without the other’s knowledge or consent.  Tyson-Jean,
118 S.W.3d at 9; Mazique, 742 S.W.2d at 808.  The disposing spouse then
bears the burden of proof to show fairness in disposing of community assets.  Zieba,
928 S.W.2d at 789; see Morrison v. Morrison, 713 S.W.2d 377, 379 (Tex. App.—Dallas
1986, writ dism’d); Horlock v. Horlock, 533 S.W.2d 52, 55 (Tex. Civ. App.—Houston
[14th Dist.] 1975, writ dism’d w.o.j.).

In
this case, a presumption that Dailey committed constructive fraud arose when
Dailey himself testified that he had taken over $600,000 from community funds
and when Wife testified that she did not know he was doing so and that he did
not have her consent.  The record reveals that some of the withdrawals he took
from community funds transpired while he was under court order not to do so. 
Rather than carry his burden to show fairness in disposing of these community
assets, Dailey contended that the monies were used for investments, but when
pushed on this issue, Dailey responded crassly that they were “history.”

          In
addition to his admission, Wife introduced records of withdrawals by Dailey
from community accounts totaling more than $625,000.[3] 
Because Dailey never rebutted this presumption, he failed to overcome the
presumption that his disposing of the couple’s assets was constructive fraud.

After
considering all of the evidence, and deferring to the factfinder for issues of
credibility, we conclude that a reasonable factfinder could have found that
Dailey committed constructive fraud on the community by withdrawing these
monies and that he failed to rebut the presumption that he committed
constructive fraud.  See Loaiza v. Loaiza, 130 S.W.3d 894, 902 (Tex. App.—Fort
Worth 2004, no pet.) (“By failing to show the fairness of the expenditures, [husband]
failed to rebut the presumption of constructive fraud that arises when one spouse
disposes of the other spouse’s one-half interest in community property without [her]
knowledge or consent.”).  As such, we hold that the trial court’s determination
was not so weak and against the great weight and preponderance of the evidence
that it is clearly wrong and unjust.  Cain, 709 S.W.2d at 176.  Accordingly,
we overrule this portion of Dailey’s first issue on appeal.

3.       Division of Property

In
part of his first and third issues, Dailey argues that the trial court erred by
awarding Wife a disproportionate division of community property.  Wife, among
many arguments, counters that even assuming that the division was
disproportionate, the trial court was within its discretion to award her an
offset based on the trial court’s implied finding that Dailey committed fraud
upon the community.  We agree with Wife.

A
trial judge is charged with dividing the community estate in a “just and right”
manner, considering the rights of both parties.  Tex. Fam. Code Ann. § 7.001
(West 2006); Watson v. Watson, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth
2009, no pet.).  The court has broad discretion in making a just and right
division, and absent a clear abuse of discretion, we will not disturb that
division.  Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985); Boyd v.
Boyd, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.).  We must
indulge every reasonable presumption in favor of the trial court’s proper
exercise of its discretion in dividing marital property.  Pletcher v. Goetz,
9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied) (op. on reh’g).  The
trial court is not required to divide community property equally, and we must
presume that the trial court properly exercised its discretion in dividing the
marital estate.  Murff v. Murff, 615 S.W.2d 696, 698–99 (Tex. 1981).

Like
in this case, in a non-jury trial when no findings of fact or conclusions of
law are filed or requested, we must presume that the trial court made all the
necessary findings to support its judgment.  Pharo v. Chambers Cnty.,
922 S.W.2d 945, 948 (Tex. 1996); Byrnes v. Byrnes, 19 S.W.3d 556, 561
(Tex. App.—Fort Worth 2000, no pet.).  Consequently, if the trial court’s
implied findings are supported by the evidence, we must uphold its judgment on
any theory of law applicable to the case.  See Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990).  Among a myriad of factors the trial court may
consider when making a just and right division, two are (1) a spouse’s
dissipation of the community estate and (2) any misuse of community
property.  Vannerson v. Vannerson, 857 S.W.2d 659, 669 (Tex. App.—Houston
[1st Dist.] 1993, writ denied); see Schlueter v. Schlueter, 975 S.W.2d
584, 589 (Tex. 1998) (stating that wasting of community assets may be
considered).

Under
the facts in this case, Wife may recover not only her share of the property
that existed in the community at the time of the divorce, but also that which
was improperly depleted from the community estate.  See Schlueter, 975
S.W.2d at 589.  Dailey admitted that he divested the community of over
$600,000, and he stated that those monies were “history.”  The evidence at
trial supports the trial court’s implied finding of fraud and provides a legal
basis for the alleged disproportionate award to Wife of the community estate. 
We overrule these portions of Dailey’s first and third issues.

4.       Equitable Lien on Dailey’s Separate Property

In
his second issue, Dailey argues that the trial court erred by awarding an
equitable lien against his separate property located in Gladewater, Texas. 
Specifically, Dailey argues, “Trial courts may not impose liens on a spouse’s
separate property for the general purpose of securing a just and right division
of marital property.”  Although we agree that this is the general rule of law,
we disagree that the trial court did just that in this case.

When
dividing marital property upon divorce, and absent a reimbursement interest to
the community, trial courts may not impose liens on a spouse’s separate
property for the general purpose of securing a just and right division of
marital property.  Heggen v. Pemelton, 836 S.W.2d 145, 146 (Tex. 1992).  But
trial courts may impose equitable liens on one spouse’s separate property as a
means for securing the discharge of payments owed by one spouse to the other.  Id.;
see also Mullins v. Mullins, 785 S.W.2d 5, 11–12 (Tex. App.—Fort Worth
1990, no writ) (reviewing case law on authority of trial court’s power to
impose equitable liens on separate property and holding that trial court did
not err by securing wife’s money judgments against husband with a note and “Deed
of Trust Lien on every item of [husband’s] separate property.”); Day v. Day,
610 S.W.2d 195, 198 (Tex. Civ. App.—Tyler 1980, writ ref’d n.r.e.) (reviewing
the development of the practice by trial court’s imposing equitable liens on
separate property to ensure compliance with court-ordered division of property).[4]

In
this case, the trial court awarded Wife a money judgment of $226,276.  Further,
in its order, the trial court found that an equitable lien on Dailey’s
Gladewater property was necessary to ensure payment of this award from Dailey
to Wife.  We conclude that the trial court did not err by placing an equitable
lien on Dailey’s separate property in order to ensure Dailey’s payment to Wife
of the monetary award.  See Bell v. Bell, 540 S.W.2d 432, 441 (Tex. Civ.
App.—Houston [1st Dist.] 1976, no writ) (holding that trial court was within
its discretion by placing a lien on husband’s separate property to secure
payment of $20,000 in cash to wife in divorce action); see also Mozisek v.
Mozisek, 365 S.W.2d 669, 670 (Tex. Civ. App.—Fort Worth 1963, writ dism’d)
(“The court had authority to fix an equitable lien on appellant’s separate
property to secure the payment of the money judgment to appellee.”).  The trial
court’s decision to do so is further buttressed by evidence in the record that
Dailey had already refused to follow court-ordered maintenance and payments
during the course of this case.  We overrule this portion of Dailey’s second
issue.

B.      Spousal Maintenance

In the remainder of his third issue, Dailey
argues that the trial court abused its discretion by awarding spousal
maintenance to Wife.  Specifically, Dailey argues that “Wife cannot show
evidence of need or lack of resources” to support the trial court’s judgment. 
We conclude that the appellate record is incomplete and that Dailey cannot
overcome the presumption that the unrecorded portions of the record support the
trial court’s judgment.

The
Texas supreme court has consistently held that when an appellant complains of
the factual or legal sufficiency of the evidence, the appellant’s burden to
show that the judgment is erroneous cannot be discharged in the absence of a
complete or an agreed statement of facts.  Schafer v. Conner, 813 S.W.2d
154, 155 (Tex. 1991); Englander Co. v. Kennedy, 428 S.W.2d 806, 807
(Tex. 1968).  In this case, Dailey admits in his brief that the evidentiary
hearing regarding the temporary spousal maintenance was not recorded, and thus,
the record is incomplete.[5]  See Long v. Long,
144 S.W.3d 64, 69 (Tex. App.—El Paso 2004, no pet.) (holding that in a
family law case involving unrecorded in camera interviews with minors,
reviewing court must presume facts existed to support trial court’s final
judgment).  We overrule this remaining portion of Dailey’s third issue.

IV.  Conclusion

          Having
overruled all of Dailey’s issues on appeal, we affirm the trial court’s
judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DELIVERED: 
January 10, 2013









[1]See Tex. R. App. P. 47.4.





[2]In his brief, and prior to
reaching his first stated issue, Dailey contends that his motion for new trial
was improperly overruled by operation of law, that Wife “used fraudulent means
to procure default,” that a new trial would not work hardship to Wife, and that
he “had meritorious defenses.”  Even though these sub-issues seem to invoke the
Craddock factors regarding the legality of attacking a default judgment,
we agree with Wife that these introductory sections to this issue are
“confusing.”  See Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393,
133 S.W.2d 124, 126 (1939).  We address the issue because, even though not
addressed in a motion for new trial, legal and factual sufficiency can be
raised for the first time on appeal when, like here, the trial was held to the
bench.  See Tex. R. Civ. P. 324(a).  Dailey also inserts a section in
this portion of his brief titled, “The Court Manifested Bias Against [Dailey].” 
It is not clear how this allegation affects Dailey’s overall contention that
the trial court erred by impliedly finding fraud on the community, but we agree
with Wife that whatever issue Dailey is attempting to raise is inadequately
briefed.  See Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co., 106
S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.) (“Failure to brief, or to
adequately brief, an issue by an appellant effects a waiver of that issue on
appeal.”).





[3]In his brief, Dailey
complains of the admission of these records at trial.  But Dailey did not
object to the admission of these records at trial and thus waived his complaint
on appeal.  See Tex. R. App. P. 33.1; Bay Area Healthcare Group, Ltd.
v. McShane, 239 S.W.3d 231, 235 (Tex. 2007) (per curiam).

 





[4]In Mullins, this
court rejected our sister court’s position that such liens are permissible only
against the separate property to which an improvement was made at community
expense.  See Smith v. Smith, 715 S.W.2d 154, 161 (Tex. App.—Texarkana
1986, no writ).





[5]The scenario of an
“incomplete” record is different than a “partial” record under Texas Rules of
Appellate Procedure 34.6(c)(1).  See Tex. R. App. P. 34.6(c)(1) (“If the
appellant requests a partial reporter’s record, the appellant must include in
the request a statement of the points or issues to be presented on appeal and
will then be limited to those points or issues.”).  When complying with rule
34.6(c)(1), a portion of the existing record is designated by the parties and
“constitutes the entire record for purposes of reviewing” the raised “stated
points or issues.”  See Tex. R. App. P. 34.6(c)(4).  In this case, there
is no existing record of the hearing regarding spousal maintenance.