

# NUMBER 13-12-00450-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARTIN MENCHACA,                                                    **Appellant,**

**v.**

NANCY ANNA MENCHACA,                                               **Appellee.**

### On appeal from the 233rd District Court
### of Tarrant County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

In this divorce case, appellant Martin Menchaca challenges the trial court's disproportionate division of the community estate in favor of appellee Nancy Anna Menchaca. By two issues, Martin argues that the trial court abused its discretion in: (1) failing to award him one-half of the family business in light of Nancy's constructive fraud;

and (2) generally awarding Nancy a "grossly disproportionate" portion of the community estate. We affirm.

## I. BACKGROUND[1]

Martin and Nancy were married in July 2004. The couple had no children together. The parties represented to the court through testimony and evidence produced at trial that their property interests included a business known as Nan's Tax Service and Notary, two bank accounts, a term life policy insuring Nancy's life, household furniture, furnishings and fixtures, two vehicles, a business known as Golden Links, and approximately $27,000.00 in debt.

Martin worked in construction. Martin testified that he earned approximately $4,000 to $5,000 in 2011 working at various construction jobs. The primary source of the community income was the tax service business. Nancy was the sole proprietor.

Nancy filed for divorce in January 2011. The trial court ordered Nancy to pay Martin $1,200 per month in spousal support, which totaled $6,000 during the pendency of the case. Martin was granted a temporary restraining order prohibiting Nancy from selling, transferring, assigning, mortgaging, encumbering or in any way alienating any separate or community property. However, in November 2011, Nancy made her son, Andrew Coronado, a partner of Nan's Tax Service and Notary. Nancy testified that she did this in exchange for Coronado running the business while she was ill.

At trial, Nancy and Martin testified regarding their marriage, the history and nature of the tax service business, and their community assets. At the close of the evidence

---

[1] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

and after argument by counsel, the trial court awarded Nancy the tax service business, the term life insurance policy on her life, the personal property in her possession, the cash and bank accounts in her possession, and the two vehicles. Nancy was also ordered to pay the $27,000 in community debt. Martin was awarded the business known as Golden Links, the personal property in his possession, and the cash and bank accounts in his possession.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Texas Family Code section 7.001 provides:

> In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

TEX. FAM. CODE ANN. § 7.001 (West 2006). Courts are vested with wide discretionary powers in the division of property in suits for divorce. *Massey v. Massey*, 807 S.W.2d 391, 398 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Therefore, a trial court's property division may not be disturbed on appeal unless the complaining party demonstrates from evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985); *Boyd v. Boyd,* 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.).

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles—in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). It is the duty of the appellate court to indulge every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate. *Garrett v. Garrett,* 534 S.W.2d 381, 382 (Tex.

3

Civ. App.—Houston [1st Dist.] 1976, no writ). The abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; thus, legal and factual insufficiencies of the evidence are not independent reversible grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Boyd,* 131 S.W.3d at 611.

The trial judge may order an unequal division of marital property where a reasonable basis exists for doing so. *Murff v. Murff,* 615 S.W.2d 696 (Tex. 1981); *Horlock v. Horlock,* 533 S.W.2d 52, 60 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ dism'd). Some of the factors the trial court can consider to justify an unequal division of property include: education, respective earning power, business and employment opportunities, physical health, probable future need for support, the award of custody, the size of parties' separate estates, the length of the marriage and fault in its breakup, and the nature of the property. *Massey*, 807 S.W.2d at 398; *see Neyland v. Raymond*, 324 S.W.3d 646, 651 (Tex. App.—Fort Worth 2010, no pet.); *Zorilla v. Wahid*, 83 S.W.3d 247, 252 (Tex. App.—Corpus Christi 2002, no pet). This list is not exhaustive, and so long as there was a reasonable basis for the unequal division, we will affirm it on appeal. *Loaiza v. Loaiza*, 130 S.W.3d 894, 899 (Tex. App.—Fort Worth 2004, no pet.).

### III. CONSTRUCTIVE FRAUD

By his first issue, Martin argues that the trial court abused its discretion in awarding Nancy one-hundred percent of the interest in the tax business. We disagree.

A fiduciary duty exists between a husband and a wife regarding the community property controlled by each spouse. *Zieba v. Martin,* 928 S.W.2d 782, 789 (Tex. App.—Houston [14th Dist.] 1996, no writ). Although a spouse has the right to dispose of

community property under her management, she may not dispose of her spouse's interest in community funds in a fraudulent manner. *Mazique v. Mazique,* 742 S.W.2d 805, 807–08 (Tex. App.—Houston [1st Dist.] 1987, no writ). A presumption of constructive fraud arises when one spouse disposes of the other spouse's interest in community property without the other's knowledge or consent. *Jean v. Tyson-Jean,* 118 S.W.3d 1, 9 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Mazique,* 742 S.W.2d at 808. The disposing spouse then bears the burden of proof to show fairness in disposing of community assets. *Zieba,* 928 S.W.2d at 789; *see Morrison v. Morrison,* 713 S.W.2d 377, 379 (Tex. App.—Dallas 1986, writ dism'd); *Horlock,* 533 S.W.2d at 55.

In this case, Martin claims that Nancy committed constructive fraud when she transferred one-half of the community interest in the business to her son. Martin testified that he did not know she was doing so and that she did not have his consent. Further, the record reveals that the transfer of interest transpired while Nancy was under court order prohibiting her from disposing of community property.

However, Nancy rebutted the presumption of fraud raised by Martin. *See Loaiza,* 130 S.W.3d at 902; *see also Jean,* 118 S.W.3d at 9. Nancy demonstrated that prior to the transfer: she was listed as the sole owner; the business was created while her husband was incarcerated; her son was her business partner; and her son kept the business afloat during her absence due to illness. The evidence showed that Nancy and, later, her son were primarily responsible for the business, and that Martin contributed little to its operation and success.

After considering all of the evidence, we conclude that a reasonable factfinder could have found that Nancy's transfer of one-half interest in the business to her son was

5

reasonable and fair.   *See Zieba,* 928 S.W.2d at 789; *Morrison,* 713 S.W.2d at 379; *Horlock,* 533 S.W.2d at 55; *see also Boyd,* 131 S.W.3d at 611.   As such, we hold that the trial court's determination was not an abuse of discretion.   *See Jacobs,* 687 S.W.2d at 733; *see also Boyd,* 131 S.W.3d at 611.    Accordingly, we overrule Martin's first issue.

## IV.   DIVISION OF THE COMMUNITY ESTATE

By his second issue, Martin challenges the remainder of the trial court's division of the community estate.   Specifically, he argues that the trial court abused its discretion in awarding Nancy a disproportionate share of the couple's property.

Under section 7.001 of the family code, the trial court must divide the marital estate in a manner the trial court deems just and right while considering the rights of both parties. TEX. FAM. CODE ANN. § 7.001.   In making an equitable division, the court should consider all of the surrounding circumstances, and the division need not be equal as long as it is not so disproportionate as to be inequitable, and the circumstances justify awarding more than one-half to one spouse.   *Naguib v. Naguib,* 137 S.W.3d 367, 378 (Tex. App.—Dallas 2004, pet. denied).

The trial court awarded Martin the business known as Golden Links and the personal property in his possession.[2]   During the pendency of the divorce, Martin was paid $6,000 in spousal support.   In addition to the tax service business, which we already concluded was properly awarded to Nancy in its entirety, the trial court awarded Nancy a term life insurance policy on her life, the personal property in her possession, the cash and bank accounts in her possession, and the two vehicles.   In addition, Nancy was

---

[2] The decree also grants Martin the cash and bank accounts in his possession and all policies of life insurance insuring his life.   However, it is apparent from the inventory that Martin did not possess any bank accounts or life insurance policies at the time of the divorce.

6

ordered to pay $27,000 in community debt.

Martin's possessions were estimated to be worth $3,500. The estimated value of the Golden Links business was listed as "unknown." Nancy's personal possessions were estimated to be worth $2,700. Nancy's personal bank account contained $55.99. There was no testimony regarding the value of the vehicles, however the inventory of the marital estate revealed that $21,719.21 was still owed on one of the vehicles.

The couple was essentially given an equal amount of personal property. Even though Nancy was given the two vehicles, one of those vehicles had a balance of $21,719.21, and Nancy was ordered to pay the community debt. Martin on the other hand, left the marriage with no debt and received the Golden Links business.

In sum, based on the evidence presented at trial, we conclude that the trial court's division of property was not so disproportionate as to be inequitable. *See Naguib,* 137 S.W.3d at 378. The trial court therefore did not abuse its discretion. *Neyland,* 324 S.W.3d at 651; *see also Boyd,* 131 S.W.3d at 610; *Jacobs,* 687 S.W.2d at 733. We overrule Martin's second issue.

### V. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
11th day of July, 2013.

7